## RADLEY *v.* STATE OF INDIANA.

### [No. 24,886.    Filed January 14, 1926.]

1.   ASSAULT AND BATTERY.—*Intent to commit a battery is essential element of the offense.*—An essential element of the offense of assault and battery is an intent on the part of the person charged with the offense to apply the force constituting the battery. · p. 202.

2.   ASSAULT AND BATTERY.—*Intent to unlawfully touch another may be inferred from intentional act which would probably result in rude or insolent touching of the other.*—In a prosecution for assault and battery, the intent to unlawfully touch another may be inferred from the intentional doing of an act the result of which will be a rude or insolent touching of the person of another.    p. 202.

3.   ASSAULT AND BATTERY.—*Intent to·injure may, not be inferred from lack of ordinary care, nor will proof of negligent touching or striking, support inference that act was done with unlawful intent.*—In a prosecution for assault and battery, an intent to injure may not be inferred from lack of ordinary care, nor will mere proof of negligent touching or striking support an inference that the act was done with unlawful intent.    p. 202.

4.   ASSAULT AND BATTERY.—*Crime of assault and battery, must be based either on wilful intent to injure another or on intentional act accompanied by such wanton and reckless disregard of probable harmful consequences as to imply intent to harm another.*—To constitute the crime of assault and battery, there must be either a wilful intent to injure another or intentional conduct whose tendency to injure is known, or ought to be known, accompanied by such wanton and reckless disregard of the probably harmful consequences to others as to imply a wilful and intentional injury.    p. 202.

5.   ASSAULT AND BATTERY.—*Evidence held insufficient to convict automobile driver of assault and battery where no intent to injure shown.*—In prosecution of an automobile driver for assault and battery because of driving his machine against a pedestrian about to board a ·street car, evidence *held* insufficient to convict where no intent was shown to run against and injure the pedestrian or to drive so as probably to strike her or any other person.    p. 204.

From Marion Criminal Court (55,301) ; *James A. Collins,* Judge.

Thomas A. Radley was convicted of assault and battery by driving his automobile against another, and he appeals. *Reversed.*

*Fred McCallister,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George A. Barnard,* for the State.

EWBANK, C. J.—Appellant was prosecuted on the charge that he "did then and there, in a rude, insolent and angry manner unlawfully touch, beat and strike the person of one Mary D.," etc. He was tried by the court, without a jury, was found guilty and sentenced to pay a fine of $100 and costs. Overruling his motion for a new trial for the alleged reasons that the verdict is not sustained by sufficient evidence and is contrary to law is the only error assigned.

The evidence showed, without dispute or contradiction, that defendant was driving an automobile west along the north side of Washington street in the city of Indianapolis, at the rate of from fifteen to twenty miles an hour: that the prosecuting witness was waiting to board a street car on that side of the street, where the cars were accustomed to stop for passengers, near the intersection of Eastern avenue; that the space between the street railway track and the curb was twelve or fourteen feet wide; that as defendant approached in his automobile the prosecuting witness stepped out from the curb and stood near the street railway track waiting for a street car, and just as defendant's automobile was almost to where she stood, she ran across directly in front of it toward the curb; that the right fender of defendant's car, on the side next the curb, struck her, and the impact broke the lamp on that side of the car; that on the street immediately back of where the car struck her were marks about twelve feet long, where a car had "skidded" (but none of the eyewit-

nesses saw the automobile skid) ; that the injury was inflicted far enough in advance of the street car that it was seen by a person on the opposite side of the street, looking across in front of the car, and was seen by the motorman standing in the front end of the car; that the prosecuting witness, before she ran toward the curb, was in the place where passengers usually board street cars; that the street car stopped at the usual place where passengers get on; that where the prosecuting witness stood beside the track as defendant's automobile approached her was eight or ten feet from the curb, and she ran to within about three feet of the curb, where the automobile struck her, and that cars were parked along the street curb down to a point near where she stood, past which cars defendant had to drive before he turned in near the curb to pass the waiting place for passengers; that he stopped and parked his car and came back and picked up the girl.

There was some slight conflict in the evidence as to other points, but the motorman testified that when the girl stepped into the street to signal the street car it was 100 feet distant from her, and the automobile was behind it, and that the defendant drove past the street car as it was slowing up to stop, and the automobile struck the girl just as the street car came to a stop. A policeman testified that there was no "safety zone" at that stopping place, and that defendant had said he put on his brake when he saw the girl crossing in front of the automobile. The injured girl testified that she did not remember anything that happened that day after a time several hours before the automobile struck her.

1-4. This evidence clearly proves that defendant touched the prosecuting witness with his automobile in a rude manner. But an essential element of the offense of assault and battery, which must be shown

to make the touching criminally unlawful, is an intent on the part of the person charged with that offense to apply the force constituting the battery. *Luther* v. *State* (1912), 177 Ind. 619, 624, 98 N. E. 640, and authorities cited; *State* v. *Richardson* (1917), 179 Iowa 770, 162 N. W. 28, L. R. A. 1917D 944; *Commonwealth* v. *Adams* (1873), 114 Mass. 323, 19 Am. Rep. 362. The intent to touch unlawfully may be inferred from the intentional doing of an act the probable result of which will be a rude or insolent touching of the person of another. Thus, if a man should intentionally drive his car into a crowd of people in the street at such a rate of speed that it was not probable they would all get out of the way, and thereby should drive over or against any of them, the inference that he intended to strike somebody with his car could reasonably be drawn from the fact that he intentionally drove into the crowd in that manner. *State* v. *Schutte* (1915), 88 N. J. Law 396, 96 Atl. 659.

And the fact that a person intentionally drove his automobile at an unlawful rate of speed along a city street across an intersecting street on which there was much travel, and past what he "knew was a very dangerous corner," and in passing the corner ran against a motorcycle on the cross street, was held to support an inference of unlawful intent in striking the driver of the motorcycle. *Bleiweiss* v. *State* (1918), 188 Ind. 184, 119 N. E. 375, 122 N. E. 577. But, while there may be a civil liability for damages caused by an unlawful striking, whether the act was done wilfully or negligently, there can be criminal responsibility only where it was done intentionally. *Luther* v. *State, supra,* page 626. And an intent to injure may not be inferred from a lack of ordinary care, nor will mere proof of a negligent touching or striking support an inference that the negligent act was done with unlawful intent.

*Luther* v. *State, supra,* and authorities cited on page 625. To create a civil liability there need be nothing more than a lack of ordinary care, which causes an injury to another. But to make one criminally responsible for such an injury there must be wilful, intentional conduct, whose tendency to injure is known, or ought to be known, accompanied by such wanton and reckless disregard of the probable harmful consequences to others as to imply the infliction of a wilful, intentional injury. *Luther* v. *State, supra,* on page 626; *Dunville* v. *State* (1919), 188 Ind. 373, 379, 123 N. E. 689.

Examining the evidence in the light of the foregoing rules of law, we find there was no evidence whatever that defendant intended to run against and injure the prosecuting witness, nor any evidence that he intentionally did an act which he knew would probably result in striking her or any other person. Whether he was guilty of negligence in trying to drive past the street car as it slowed down to stop at the street intersection is a question not before the court, concerning which we express no opinion. The finding of guilty is not sustained by sufficient evidence.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.