BECKER *v.* STRATER

[No. 17,561. Filed April 28, 1947. Rehearing Denied May 24, 1947. Transfer denied June 20, 1947.]

*Wood & Wood,* of Angola, and *Ralph W. Probst,* of Kendallville, for appellant.

*Barrett, Barrett & McNagny,* of Ft. Wayne, *Harris W. Hubbard,* of Angola, and *Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellee.

FLANAGAN, J.—This action was brought by appellant, Kenton E. Becker, against appellee, Carl Strater, to recover damages for personal injuries sustained as a result of a collision between appellee's automobile, in which appellant was a guest passenger at the time, and the automobile of a third person. At the conclusion of appellant's evidence the trial court directed a verdict for appellee and the correctness of that ruling is here challenged.

The question presented is whether the evidence adduced, together with all reasonable inferences to be drawn therefrom, failed to establish willful or wanton misconduct on the part of appellee.

The pertinent facts disclosed by the evidence are as follows:

The collision occurred on May 24, 1942, at about 12:30 P. M., in Fairfield Township, DeKalb County, Indiana, at the intersection of state highway 327 and a gravel road, the name of which is not disclosed by the record. Road 327 at this point runs north and south and has a 20 foot pavement with a berm of about 20 feet on each side. The gravel road runs east and west and intersects road 327 at right angles. On the north side of the gravel road at a point 73 feet east of the center line of road 327 was a stop sign. On the north side of the gravel road from road 327 to a point 25 feet east was a hill sufficiently high to obstruct the view. Appellee had resided for a number of years two and one-half miles east of the intersection and both he and appellant were familiar with it.

Appellee's car approached the intersection from the east. He was driving, appellant was sitting at his right

with appellee's small daughter between them. Appellant's wife and appellee's wife were sitting on the rear seat. Appellee was driving about 35 miles per hour until he was about 100 feet from the intersection. There he began to slow down and at the same time called appellant's attention to some cattle in a field on the south side of the road. When they reached the intersection the car was traveling about 15 or 20 miles per hour. Appellee was looking to the south and appellant to the north. Nobody saw an approaching car. Appellee did not bring his car to a stop but as he reached the intersection he stepped on the gas and started across. Just as they reached the paved portion of road 327 appellant yelled, "Look out, Carl." Almost immediately they were struck by an automobile approaching from the north.

Appellant points out that appellee was familiar with the intersection and knew that the view to the right was obstructed; that he nevertheless diverted his attention to the south and commented upon some cattle in the field when he was only 100 feet from the intersection; that he failed to stop as he entered the intersection and that as he entered the intersection he was looking to the south and failed to look to the north. From these facts appellant says the jury could have found that appellee was guilty of willful or wanton misconduct.

Willful or wanton misconduct consists of the conscious and intentional doing of a wrongful act or omission of a duty, with reckless indifference to consequences, under circumstances which show that the doer has knowledge of existing conditions and that injury will probably result. *Bedwell* v. *Debolt* (1943), 221 Ind. 600, 50 N. E. (2d) 875; *Hoesel* v. *Cain* (1943), 222 Ind. 330, 53 N. E. (2d) 165; *Swinney* v. *Roler* (1943), 113 Ind. App. 367, 47 N. E. (2d) 486;

*Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. (2d) 108.

It seems to us clear that the acts of appellant in looking to the left when he was 100 feet from the intersection and calling attention to cattle in the field could not constitute willful or wanton misconduct. In fact at this point he was recognizing his approach to the intersection by slowing the speed of his car. He continued to slow down until he reached the intersection. His speed had been reduced from 35 miles per hour to 15 or 20 miles per hour. In appellee's conduct to this point there is no evidence of willful or wanton misconduct.

When he reached the intersection he failed to look to his right and he failed to stop. A jury could properly find either of these acts to constitute negligence. But could they properly find either or both acts to constitute willful or wanton misconduct? We think not. Mere negligence is not sufficient. The violation of a statute does not necessarily constitute willful or wanton misconduct.

There was nothing about appellee's conduct suggesting reckless abandon. He did not rush into the intersection knowing that other cars were approaching. All the evidence is to the effect that he had no knowledge of the approach of the automobile which struck him. He was not warned either by others or by his own senses.

Applying the definition of willful or wanton misconduct above set forth, we think it cannot be said that, with knowledge of existing conditions, appellee persisted with reckless indifference to consequences in a course which he knew would probably result in injury to his guest. In our opinion the

trial court correctly directed a verdict in favor of appellee.

Judgment affirmed.

NOTE.—Reported in 72 N. E. (2d) 580.