FRANKLIN GENERAL INSURANCE COMPANY *v.*
HAMILTON ET AL.

[No. 18,730. Filed April 3, 1956. Rehearing denied May 1,
1956. Transfer denied June 5, 1956.]

*Murray, Mannon, Fairchild & Stewart, James J. Stewart* and *Samuel A. Fuller,* of Indianapolis, for appellant.

*Armstrong, Gause, Hudson & Kightlinger,* and *Aribert L. Young,* of Indianapolis, for appellee, Garrett.

*Dulberger, Talesnick, Claycombe & Bagal,* and *Robert Claycombe,* of Indianapolis, for appellee, Hamilton.

ROYSE, C. J.—Appellant brought this action against appellees for a declaratory judgment on an automobile insurance policy issued by it to appellee Garrett. Appellee Hamilton was injured by appellee Garrett in an automobile collision. He brought an action for damages against appellee Garrett charging negligence, which resulted in a judgment in his favor for $8,000.00 against Garrett. During the pendency of that action appellant brought this action on the grounds that appellee Hamilton's injury was the result of an assault and battery and under the provisions of its policy it was not liable.

Trial to the court resulted in a finding that appellee Hamilton was not injured as the result of an assault and battery by appellee Garrett; that appellant was obligated to defend the action of Hamilton vs. Garrett and was liable for $5,000.00 and such additional amounts as may be determined in an appropriate proceeding. Judgment accordingly.

The error assigned here is the overruling of appellant's motion for a new trial. This being an appeal from a negative judgment the only specification which presents a question that has not been waived by a failure to discuss in appellant's brief is that the decision is contrary to law.

The pertinent provisions of appellant's insurance policy are as follows:

"I. Coverage A—Bodily Injury Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident arising out of the ownership, maintenance or use of the automobile. . . .

"Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

There is a sharp conflict in the evidence, but under the firmly established rule we proceed to a consideration of only that evidence favorable to appellees. The pertinent portion of the testimony of appellee Garrett, as set out in appellant's brief, is as follows:

"Mr. North bumped me three times from the rear, the third bump was sort of a light tap. There is a slight incline where this occurred. After he bumped me the third time, I thought that if he bumped me again he would run me into the cars in

front of me. I looked in the rear view mirror and was going to back up. I didn't see any pedestrians and then when I started back, I saw two figures darting between me and Everett North, and I immediately tried to stop. I did everything in my power to stop. I had never seen Hamilton before this accident. I did not know he was in the vicinity of my car just prior to the accident. I went to see Pruyn and Coons with the understanding that they were the attorneys for Franklin General Insurance Company. I talked to Mr. Pontius, but I thought he was Mr. Coons at that time. He wrote a statement on tablet in pencil which I signed. I have had 7½ years grade school. When I was talking to Mr. Pontius, I didn't use the phrase used in my statement 'intention when I started backing to strike the grill of the car belonging to Mr. North.' Those were Mr. Pontius' words. I didn't think there was any damage done to my car. I read the statement prepared by Mr. Pontius. I couldn't understand it. I signed it because I thought he was representing me as an attorney for Franklin General Insurance Company. I was in the office maybe an hour and a half. I did not intend to injure North or anyone else when I backed up my automobile. I did not intend to damage anyone's property when I backed up my automobile. I backed up to tap him playfully. I looked into the rear view mirror before I started. Neither Mr. Pontius, nor Mr. Pruyn, nor Mr. Coons told me anything about the clause before I signed the statement. I wasn't angry when the accident happened. I didn't know Hamilton or North before the accident."

He said neither his car nor the North car was damaged. North, the driver of the other car testified there was no damage to his car as a result of the impact from the backing.

The crux of the question presented here in various ways by appellant is whether the above evidence leads solely and inescapably to the conclusion that the injuries suffered by appellee Hamilton were the result

of an assault and battery by appellee Garrett, within the meaning and provision of appellant's policy of insurance.

Appellant, in support of its contention that the evidence in the record requires a reversal, relies on a written statement made by appellee Garrett to one Donald B. Pontius, an attorney, who was acting as an adjuster for appellant. In reference to that statement he testified that before talking to appellee Garrett he talked with appellant about the assault and battery angle of the case. He admitted that certain words used in this statement, to-wit: "incident", "severe force", "deliberately", and "intention" were his words and not the words of appellee Garrett. He also admitted when he was taking the statement he was trying to build a defense of assault and battery for appellant.

We do not deem it necessary to set out even the substance of this statement because it is in some respects in conflict with the parol testimony of appellee Garrett set out herein.

We agree with appellant and the authorities it cites that statements of this character, when introduced in evidence, "are to be considered and weighed precisely as other evidence". That was the duty of the trial court. Appellant has not cited any authority, nor do we know of any, which holds that such statements are conclusive and may not be explained or contradicted by parol evidence.

Section 10-403, Burns' 1942 Replacement, provides, in part, as follows:

"Assault and battery.—Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery".

In the case of *Luther* v. *State* (1912), 177 Ind. 619, 98 N. E. 640, in reversing a conviction for assault and battery which grew out of a traffic accident, the Supreme Court, at p. 625, said:

"Intent on the part of the person charged, to apply the force constituting the battery, is, however, an essential element of the offense and must be shown to make the touching criminally unlawful. (Authorities).

"But the intent may be inferred from circumstances which legitimately permit it. *Intent to injure may not be implied from a lack of ordinary care.* It may be from intentional acts, where the injury was the direct result of them, done under circumstances showing a reckless disregard for the safety of others, and a willingness to inflict the injury, or the commission of an unlawful act which leads directly and naturally to the injury". (Our emphasis).

See also, *Radley* v. *State* (1925), 197 Ind. 200, 202, 203, 150 N. E. 97. For definitions of "Assault and Battery" see *Words and Phrases,* Vol. 4, p. 376, et seq.

It seems to us on the record herein that while it may be conceded appellee Garrett did not use ordinary care and was negligent, the evidence does not lead inescapably to the sole conclusion his conduct showed such an intent or reckless disregard for the safety of others and willingness to inflict the injury that would require us to hold that, as a matter of law, he was guilty of assault and battery.

Appellant has cited numerous authorities in which the courts of other jurisdictions have construed the same Exemption Clause of an automobile insurance policy. An examination of those cases show they are clearly distinguishable from the facts in this case.

For the reasons herein stated, we hold the decision of the trial court was not contrary to law.

Judgment affirmed.

NOTE.—Reported in 131 N. E. 2d 93.