ROOP, ADMINISTRATOR, ETC. *v.* WOODS.

[No. 19,448. Filed November 30, 1962.]

*Mellen & Mellen,* of Bedford, *Walter G. Mead* and *Mead & Mead,* of Salem, for appellant.

*James D. Allen* and *Allen & Thompson,* of Salem, for appellee.

GONAS, J.—This action was commenced by the appellant on August 7, 1957, by the filing of his complaint alleging a cause of action under the Indiana Guest Statute, in the Washington Circuit Court for damages growing out of the injuries to and the death of William Gene Roop, on behalf of alleged dependent next of kin. The cause was tried by the court.

At the close of the evidence offered by the appellant, the appellee moved the court for a directed verdict of said cause on the grounds that the appellant herein had failed to prove the material allegations of the complaint. The court found that the appellant had failed to prove and establish the material allegations of the complaint as required by law and that the appellee was entitled to a directed verdict. The court found and adjudged that the motion of the appellee for a directed verdict be sustained, and that appellant take nothing by his complaint and that the appellant pay the costs of this action.

Appellant duly filed his motion for a new trial, which motion was thereafter overruled by the Washington Circuit Court, and this appeal followed in due course.

A motion by defendant for judgment at the conclusion of plaintiff's evidence is equivalent to a demurrer to the evidence. *Whitaker Adm.* v. *Borntrager* (1954), 233 Ind. 678, 680, 122 N. E 2d 734. Under such situation this court will look only to the evidence most favorable to the appellant. *Miller* v. *Smith* (1955), 125 Ind. App. 293, 124 N. E. 2d 874. A motion of this kind presents the question as to whether or not the evidence introduced on behalf of appellant, assuming it to be true, and considering as proved all facts which the evidence proves, or by legitimate inference tends to prove, establishes the appellant's case as laid. *Spanier* v. *Spanier* (1951), 120 Ind. App. 700, 96 N. E. 2d 346.

The testimony elicited from the witnesses, together with the permissible inferences arising therefrom, tend to establish the following facts;

On August 21, 1955, about midnight, appellee was driving his 1955 Ford automobile from the town of

English, in Crawford County, Indiana, in a general northerly direction on and over State Highway #37. Said highway was improved with blacktop, twenty feet or more in width. There was a broken white line through the center of said pavement to divide the traffic traveling in opposite directions thereon.

Highway #37 was intersected some four to five miles south of the Town of Paoli in Orange County, Indiana, by a blacktop county road known as the Valeene Road, and the Peyton Store was located on the west side of State Highway #37 just north of the above intersection. Said highway, particularly between the Town of English and the place where said accident occurred, averaged four to five curves per mile. The curve on State Highway #37 at the above intersection commenced about 200 feet south of the above intersection and curved to the left of the driver at an angle of 70 to 80 degrees. The north end of the curve was at or about the Valeene Road intersection. The road was dry and the visibility good. There was a ditch and road berm along the east side of State Highway #37 north of the Valeene Road intersection, and a tree on the east side of said Highway #37 some eight to ten feet east of the edge of the road pavement.

Appellee had driven his automobile on and over all of the curves between the Town of English and the above Valeene Road intersection. He undertook to, and did, drive his automobile into and around the curve at the Valeene Road intersection at a speed of 75 miles per hour, and had so driven about 140 feet of said curve. He then drove his automobile off of said pavement and across the blacktop pavement of the Valeene County Road at the above intersection. At times both the right and left wheels of his automobile

were off the pavement and he then drove his automobile down the ditch along the east side of State Highway #37 past the Peyton Store some 120 feet and into the above tree standing on the east side of above pavement. The impact knocked the right front door of his automobile off and wrapped said door around said tree. His automobile then overturned and rolled on down the east side of said State Highway #37 about 93 feet, landing on its top at the east side of said State Highway #37, partly on the berm and partly on the pavement. The ground between the tree and car was torn up. As the automobile overturned, decedent was thrown out of the automobile and landed some 25 to 30 feet north of said automobile and across the ditch on the east side of the pavement of State Highway #37, and was thereby fatally injured and died almost instantly. When the first witnesses arrived, Woods, the driver of the automobile, was walking up and down the east edge of the blacktop pavement near the automobile. He stated that he was the driver of the automobile and that he and the decedent had been to a dance at the Town of English, and that he did not know how the accident happened. A boy came up while these witnesses and Woods were standing near the automobile and the decedent, and said in the presence and hearing of Woods and the witnesses that "they must have been flying low." Woods, within a minute or so thereafter collapsed and fell on the road berm, face up, and remained unconscious until taken away in the ambulance. A blood sample was taken from Woods at the Washington County hospital, in Salem, a short time thereafter and the analysis thereof showed alcoholic content of .15 per cent.

The Indiana "Guest Statute" (Burns' 47-1021) does not define "wanton or willful misconduct", and while

it is true that each case must be decided upon the circumstances peculiar to it, *Miller* v. *Strater, supra,* the courts have formulated several standards to determine whether a particular set of facts constitutes the type of conduct anticipated by the Legislature.

The case law in this state construing the term "wanton or willful misconduct" establishes that it was incumbent upon this appellant to show by probative evidence that the driver of the said vehicle operated said vehicle with such a reckless indifference to consequences as to indicate a conscious and intentional disregard for the safety of his guest, the decedent herein, under circumstances which would lead a reasonable man to realize that such conduct not only created an unreasonable risk of bodily harm to the guest, but also involved a high degree of probability that substantial harm would result to said guest, and harm in fact did result as a proximate cause of such conduct. *Becker* v. *Smith* (1947), 117 Ind. App. 504, 72 N. E. 2d 580; *Bedwell* v. *De Bolt* (1943), 221 Ind. 600, 50 N. E. 2d 875; *Reynolds Admtrx. etc.* v. *Langford* (1961), 241 Ind. 431, 172 N. E. 2d 867.

The trial court was justified in sustaining a motion for a directed verdict in the present case unless there was some evidence of probative value from which the trier of fact might have found, or from which a proper inference might have been drawn, that appellee was conscious of his conduct as he entered the afore-described curve; that he knew of the existing conditions surrounding such curve as he approached it; that he knew that injury to his passenger would probably result if he proceeded into the curve without substantially modifying his manner of driving at the time but that he proceeded on with reckless indiffer-

ence to the consequences; that his conscious and intentional failure to so modify, resulted in his passenger, William Gene Roop, being killed. *Reynolds* v. *Langford, supra.*

In order for conscious, intentional recklessness amounting to "willful or wanton misconduct" to be established it is imperative that knowledge of a present peril be shown, for it seems axiomatic that one cannot be indifferent to a peril of which one is not aware or intentionally reckless where one does not know danger exists.

> "Knowledge of existing conditions on the part of the host is a consciousness of such conditions obtained through the exercise of his senses, or information obtained by warning through others." *Bedwell* v. *De Bolt, supra.*

Willfulness arises where one persists in a course of conduct which the law describes as reckless, after knowledge of conditions has been obtained. *Reynolds Admtrx., etc.,* v. *Langford, supra.*

Here the record is bare of any evidence that this appellee knew or had any reason to know of the peril that lay ahead, or that after he acquired knowledge of the danger he persisted in his course of conduct in disregard for the safety of the deceased. On the contrary, the evidence fully establishes that the appellee rounded curves more dangerous than the one in question, that the weather was clear, the pavement dry, and the visibility good. Further, the evidence establishes that when the appellee became aware that he could not navigate the curve at his present speed, he applied his brakes and did everything he could to bring the automobile under control and thereby avoid the accident. That his efforts failed to accomplish the desired result is regrettable. That he tried, is mean-

ingful in that it indicates the accident was the fruit of misjudgment rather than willful indifference to consequences.

In substance the evidence merely establishes that the appellee was apparently going faster than conditions warranted when he went into the curve, and centrifugal force impelled the car off the road where it hit a tree, fatally injuring appellant's decedent. While such evidence would perhaps be sufficient to prove want of due care on the part of appellee, we do not think it sufficient to establish "wanton or willful misconduct" as defined by the Indiana Supreme Court.

We hold that the trial court was correct in its ruling on appellee's motion, and that the decision of the lower court must be affirmed.

Kelley, J., "Under a state of facts and circumstances as set forth in the main opinion, I concur in the result arrived at."

Bierly, J., concurs.

Pfaff, J., dissents without opinion.

NOTE.—Reported in 186 N. E. 2d 439.