RICHEY, B/N/F RICHEY, ET AL. *v.* SHEAKS.

[No. 20,393. Filed July 28, 1967. No petition for rehearing filed.]

*Arther A. May* and *George N. Beamer, Jr.,* and *Crumpacker, May, Levy & Searer,* of counsel, all of South Bend, for appellants.

*William E. Mills* and *R. Kent Rowe* and *Mills & Rowe,* of counsel, all of South Bend, for appellee.

SMITH, J.—This is an appeal from a judgment rendered by the St. Joseph Superior Court No. 1; and involves an action brought by the appellants against the appellee for damages for personal injuries and resulting expenses sustained by the appellant, Carol Richey, and her father, Paul Richey, and growing out of a "one car automobile accident" which occurred while the appellant, Carol Richey, was riding as a guest passenger of the appellee, Patricia Sue Sheaks.

The issues were formed by the appellants' third amended complaint which charged in substance that the appellee, Patricia Sue Sheaks, operated the automobile in which the appellant, Carol Richey, was riding as a guest on a portion of U. S. Highway 6 just east of Walkerton, Indiana, with which she was familiar, in a willful and wanton manner so as to cause the automobile to leave the road and turn over.

Specifically the complaint charged that defendant, Patricia Sue Sheaks, was guilty of willful and wanton misconduct as follows:

"(a)  That the defendant, Patricia Sue Sheaks, being familiar with the portion of the highway which she was traveling and familiar with the risks attendant upon navigating the curve which she was entering, did operate said motor vehicle into said curve at a high and unreasonable rate of speed, to wit: 80 miles per hour.

"(b)  That the defendant, Patricia Sue Sheaks, with the knowledge of the hazards and risks attendant upon the operation of a motor vehicle on a United States Highway, failed to maintain a lookout on the traveled portion of said highway, thereby driving the motor vehicle off of the paved portion of said highway, and rolling it over."

The plaintiff, Paul Richey, by separate paragraph of the same complaint, sought recovery of medical expenses paid by him on behalf of his daughter; and the injuries and expenses of both plaintiffs are claimed to be the direct and proximate result of the willful and wanton misconduct of the defendant, Patricia Sue Sheaks.

The defendant filed an answer to the complaint, in conformance with Rule 1-3 of the Supreme Court, which first denied that she had been guilty of willful or wanton misconduct, and further alleged that the plaintiff, Carol Richey, had voluntarily assumed and incurred all of the risks complained of by her in the complaint.

The plaintiffs filed a reply to the affirmative portions of defendant's answer which denied that the plaintiff, Carol

Richey, had assumed or incurred any of the risks as asserted in defendant's answer.

The issues thus raised were whether the defendant, Patricia Sue Sheaks, was guilty of willful or wanton misconduct as alleged in plaintiffs' complaint, and whether the defendant Carol Richey assumed or incurred the risk of such misconduct.

At the close of the plaintiffs' evidence, the court sustained the defendant's motion for a directed verdict and instructed the jury to return a verdict in favor of the defendant, which verdict having been returned in open court, the court entered judgment for the defendant and against the plaintiffs in conformance with the verdict which he had directed.

Thereafter the plaintiffs filed a timely motion for a new trial, which, in part, alleges the following grounds:

1. Error of law occurring at the trial in that the court erred in excluding from evidence plaintiffs' Exhibit Numbered 13, offered by the plaintiffs, Exhibit 13 being a certified transcript of the docket of Justice of the Peace Roy Molebash of Marshall County, Indiana.

2. Error of law occurring at the trial in that the court erred in excluding from the evidence plaintiff's Exhibit No. 14, the same being page 63 of the original and official docket of Justice of the Peace Roy C. Molebash of Marshall County, Indiana, showing a plea of guilty by the defendant to a charge of reckless driving.

3. Error of law occurring at the trial in that the court erred in sustaining defendant's motion, made at the close of the plaintiffs evidence, for a directed verdict for the defendant, and against the plaintiffs; and error of law occurring at the trial, in that the court erred in giving to the jury at the request of the defendant at the close of plaintiffs' evidence, a peremptory instruction designated "defendant's tendered Instruction No. A," which in substance directs the jury to return a verdict for the defendant.

4. The decision of the court is contrary to law.

The plaintiffs' motion for a new trial was overruled; and this ruling constitutes the basis of this appeal.

The appellants in their brief present two specifications of error as follows:

1. That the trial court erred in refusing to admit into evidence the plea of guilty entered by the appellee in the Justice of the Peace Court, located in Marshall County, Indiana;

2. That the trial court erred in in directing a verdict for the appellee at the close of appellants' evidence.

Appellants in the first specification of error presented in their brief urge that the trial court erred in excluding from the jury plaintiff-appellee's plea of guilty to a criminal charge of reckless driving arising out of the same automobile accident. They maintain that the jury should have been permitted to consider Exhibit No. 13, the same being a certified transcript of the docket of the Justice of the Peace showing a plea of guilty by the defendant-appellee to a charge of reckless driving; and should have been permitted to consider Exhibit No. 14, the same being page 63 of the original and official docket of the Justice of the Peace showing therein a plea of guilty by the defendant-appellee to a charge of reckless driving, all arising out of the accident in question. The appellants claim that said exhibits have probative value as an admission against the interest of defendant-appellee.

To support this proposition the appellants have cited the case of *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 317, 177 N. E. 2d 382; and the case of *Hamm et al.* v. *Romine et ux.* (1884), 98 Ind. 77, 81. These cases appear to hold that Indiana has accepted as well settled the principle of law that a record showing a plea of guilty by defendant in a criminal case is admissible against him in a subsequent civil suit growing out of the same offense. It is the position of the appellants that *such a guilty plea stands on the same footing as any other admission by a party to a law suit,* whether oral or written, admissible as an exception to the hearsay rule and predicated upon the assumption that a defendant will not make statements of fact contrary to his interest unless he is satisfied that such statements are true. 4 Wigmore, *Evidence,* § 1053 (3rd. Ed 1940). While on the other hand, the

*record of judgment of conviction* in a criminal prosecution is not admissible in a civil suit for damages occasioned by the offense of which the party stands convicted to prove the civil guilt of the defendant. In that situation, the defendant in the criminal cause has stated he is not guilty and is found guilty only after trial. The record of the conviction is withdrawn from the jury's consideration because of a natural tendency on the part of the jury to treat the criminal determination as absolutely dispositive on the issue of civil liability.

The appellants maintain, however, that it is not with the record of the *judgment of conviction* but rather with the record of the *plea of guilty* with which they are concerned. *Montgomery* v. *Crum* (1927), 199 Ind. 660, 686, 161 N. E. 251.

And for this reason it is the contention of appellants that a plea of guilty is neither more nor less than a deliberate admission on the pleader's part that the charge is true. Thus, the plea is not before the jury as a judgment establishing the facts upon which it is based or as conclusive evidence of liability in the civil case; rather it is before the jury as an *admission against interest,* to be considered and weighed precisely as other evidence, its probative value depending upon the circumstances under which it was made. See, *Franklin General Insurance Co.* v. *Hamilton* (1956), 126 Ind. App. 537, 541, 133 N. E. 2d 93. In the case at bar, the trial court refused to admit appellee's voluntary judicial admission of reckless driving. In so ruling, the appellants contend that the trial court failed to recognize the guilty-plea's rightful status as an admission against the interest of the appellee and that in so ruling the trial court was in error.

The appellants further contend that Indiana courts have never required, as a condition precedent to admissibility, that the criminal charge to which the plea of guilty has been entered must directly conform to the specifications of misconduct in a civil action. *That the single prerequisite to admissibility is a showing that the criminal action and the*

*civil action arose out of the same accident. Podell v. Boger, etc. et al.* (1957), 128 Ind. App. 116, 121, 145 N. E. 2d 730, Rehearing Denied, 128 Ind. App. 124.

The appellee in reply to these contentions maintains that there is no question involved in the case at bar involving the right of a party to a law suit to introduce into the record facts evidencing a plea of guilty to a traffic violation—the same being admissible as an admission against interest in a civil action. The Appellate Court in the case of *Dimmick v. Follis* (1953), 123 Ind. App. 701, 111 N. E. 2d 486, spoke as follows:

> ". . . Such record is admitted not as a judgment establishing the facts upon which it is based but as the deliberate declaration or admission against the defendant's interest ■ *in connection with the very matter charged in the civil action. . . .*" (Emphasis supplied)

However, the appellee first contends that to be admissible a plea of guilty shall be made in a criminal action which was instituted by a proper accusation (affidavit). That in the case at bar there was no showing that a proper affidavit had been filed against the appellee. That the only evidence of the criminal proceedings had in the Justice of the Peace Court were Exhibits 13 and 14 proferred by the appellants. That neither exhibit contains any recital that a proper affidavit had been filed against the defendant-appellee. Neither was there any proffered testimony of any witness showing that a proper affidavit had been filed against the defendant-appellee.

In support of this proposition the appellee cites the case of *Pease v. State* (1921), 74 Ind. App. 572, 129 N. E. 337, which holds that:

> "In this state it has been held consistently that a criminal action can be commenced only in the manner provided by law, and that it is the filing of the accusation in lawful form that invokes the jurisdiction of the court in the particular cause. . . ."
> "It is a universal principle as old as the law that the proceedings of a court without jurisdiction are a nullity and its judgment void. . . ."

That in the case at bar it is impossible to determine whether proper accusation (affidavit) was filed in lawful form so as to invoke the jurisdiction of the court. That Exhibits 13 and 14 indicate that there was no such showing.

The appellee also maintains that from an examination of the pleadings, the Justice of the Peace Court did *not* have jurisdiction of the person of the appellee for the reason that the accident occurred in St. Joseph County and not in Marshall County where the Justice Court was located. That in paragraph two of Legal Paragraph I of the third amended complaint, the appellant, Carol Richey, alleged:

"2. That at all times pertinent herein, U. S. Highway No. 6 was a public highway in St. Joseph County, Indiana, . . ."

That the appellee in her answer to the complaint admitted the allegations concerning the situs of the accident. That there was, therefore, no issue presented concerning the situs of the accident because the pleadings disclose that the accident occurred in St. Joseph County. To support this proposition of lack of jurisdiction, the appellee cites the Constitution of Indiana, as follows:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, *in the county in which the offense shall have been committed*, . . ." Article I, Section 13. (Emphasis supplied)

The appellee also cites the following Indiana statute:

"Every criminal action shall be tried publicly *in the county in which the offense shall have been committed*, except as otherwise provided in this act." (Emphasis supplied) Acts 1905, Ch. 169, Sec. 2, p. 584 (Burns' Indiana Statutes Annotated, Sec. 9-201).

That in light of the above cited provisions of the Constitution and the Indiana statute it appears that the Justice of the Peace Court had no jurisdiction over the appellee; and, therefore, a void judgment resulted therefrom which "is

a nullity, a mere *brutum fulmen,* which need not be recognized by anyone and may be collaterally attacked in another action." *Michigan Mutual Liability Company* v. *Perez* (1965), 137 Ind. App. 247, 207 N. E. 2d 368.

We are of the opinion that the law cited concerning jurisdiction has been correctly enunciated and that the question of situs was not raised by the pleadings. For that reason, the accident will be considered as having occurred in St. Joseph County.

Assuming, arguendo, that the Justice of the Peace Court actually had jurisdiction over the defendant-appellee, the appellee, maintains that the plea of guilty, to be admissible as an admission against interest shall be *in connection with the very matter* charged in this civil action; and that it is not sufficient, as urged by the appellants, for admissibility that the criminal action and the civil action arise out of the same accident. See, *Dimmick* v. *Follis, supra.*

The case of *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 317, 177 N. E. 2d 382, quotes literally from *Dimmick* v. *Follis, supra. Montgomery* v. *Crum, supra,* cited by the appellants, states as follows:

> "Had Wilbur pleaded guilty to the charge commonly known as 'child stealing' (Section 2427, Burns' 1926) that fact would be competent evidence against him in a civil action for damages resulting from *that* criminal act, on the theory of an admission on his part that such fact is true, but this principle does not extend to make the judgment of conviction competent as tending to prove any facts at issue in the civil action." (Emphasis supplied)

It is urged by the appellee that the appellants have wholly failed to cite any authority for their contention that "Indiana courts have never required, as a condition precedent to admissibility, that the criminal charge to which the plea of guilty has been entered must directly conform to the specifications of misconduct in the civil suit."

The appellants maintain that the charge and plea in the criminal action were within the specifications and issues and should have been admitted. As set forth hereinabove, there were two specifications of willful or wanton misconduct alleged, speed and lookout.

The question raised is, does the charge of reckless driving include a charge of willful or wanton misconduct? It is our opinion that a charge of reckless driving may or may not include a charge of willful or wanton misconduct depending on the circumstances presented by the facts.

The appellants also claim that the violation of a statute in the operation of the appellee's motor vehicle may or may not constitute evidence of willful or wanton misconduct. That in the case of *Pierce* v. *Clemens* (1942), 113 Ind. App. 65, 81, 46 N. E. 2d 836, the court held:

> "There was some evidence that the appellee did violate one or both of these statutes *under circumstances which might render him guilty of wanton or willful misconduct* in the operation of the automobile which contributed proximately to his own injury. The instruction should have been given. (Citing cases)." (Emphasis supplied)

In the answer to this proposition the appellee states that this court has held that the violation of a statute does not necessarily constitute willful or wanton misconduct. *Becker* v. *Strater* (1947), 117 Ind. App. 504, 507, 72 N. E. 2d 580, 581; *Sparks* v. *Baldwin* (1965), 137 Ind. App. 64, 205 N. E. 2d 173; *Reynolds, Admtrx. etc.* v. *Langford* (1961), 241 Ind. 431, 172 N. E. 2d 867, 870.

The undisputed facts of this case disclose that May 2, 1959, was a clear and warm day, and that three girls started from Walkerton to go to South Bend, Indiana in a 1957 Chevrolet convertible. The driver of the automobile was the appellee, Patricia Sue Sheaks, and Carol Richey, appellant, and Carol Patrick were guests of the appellee. They were going to South Bend to buy dresses for an ensuing Walkerton High

School dance. Two of the girls, the appellant, Carol Richey, and the other passenger, Carol Patrick, were required to be back in Walkerton in the afternoon, the former at 5 o'clock and the latter at 4 o'clock because they were gainfully employed at such time. The appellee was not required to be back in Walkerton at any specific time. They all discussed the fastest route to take to South Bend, and the appellee stated it would be east on U. S. Highway No. 6 to its junction with U. S. Highway No. 31, and then north on U. S. Highway No. 31 to South Bend. As they left the town limits of Walkerton, the appellee increased her speed to 50 miles per hour, in what appellant, Carol Richey, thought was a 40 miles per hour zone. There was no evidence of any warning sign posting the speed at 40 miles per hour showing that said sign had been erected by or at the direction of the State Highway Commission.

The appellee then gradually increased her speed and the three of them were talking as they approached a ninety degree curve on U. S. Highway No. 6. At the situs of the curve on the berm on the east side of U. S. Highway No. 31 there was an "information" sign, erected by the State Highway Department, which had the word "curve" enscribed thereon. The right wheels of the vehicle dropped off the pavement and the appellee attempted to gain control of her automobile by turning it back onto the pavement. In so doing she turned it to the left. Prior to this time the automobile had not left the highway; and ultimately the car went down an embankment and into a field. The appellant, Carol Richey, suffered injuries as alleged in her complaint.

The appellee had gone to her home prior to beginning the trip to South Bend to pick up her sun glasses. After leaving the town of Walkerton, the appellee stopped at all stop signs; and she drove her automobile on its own side of the road to the left of the center line. The appellant, Carol Richey, did not request the appellee to slow down or to watch out for

the curve. There is no evidence that the other passenger, Carol Patrick, said anything until the accident occurred, at which time she started screaming.

There is a dispute as to how many times the car went back and forth across the highway. At one time Carol Richey said she thought the automobile went back and forth across the road at least ten times, and another time she said that it probably went back and forth across the highway at least four or five times.

The appellants have cited four Indiana guest statute cases but have failed to give a definition from any of the four as to what constitutes willful or wanton misconduct. That ▇ from an examination of all of these cases it appears that the primary consideration in each one of them is the *complete course of conduct or misconduct of the host driver and not the occurrences at the immediate time and place of the accident.*

The other main proposition of error urged by the appellants in their brief is that the trial court erred in directing the verdict for the appellee at the close of the appellant's evidence.

The appellants assert that the verdict was contrary to law and it thus presents the question of whether the appellant was entitled, under the evidence and the law applicable ▇ thereto, to the relief which was denied them by the directed verdict. See, *Monon Railroad, a Corporation* v. *New York Central Railroad Company, a Corporation* (1967), 141 Ind. App. 277, 227 N. E. 2d 450 and cases cited therein.

We are presented with this issue: Did the trial court err in sustaining the motion of the appellee, at the close of the appellants' evidence, for a peremptory instruction in favor of the appellee? If this action on the part of the trial court was error, the verdict of the jury was contrary to law.

The appellee maintains that trial court committed no reversible error in directing the verdict in favor of the appellee

at the close of appellee's evidence for the reasons cited in the following cases.

The appellee cites the case of *Burke* v. *Burke* (1963), 135 Ind. App. 235, 242, 191 N. E. 2d 530, 533. In this case the court sets forth the test as to when the trial court may direct a verdict. The court spoke as follows:

"The material allegations of appellant's complaint essential to recovery must be supported by 'substantial' evidence as differentiated from a mere 'scintilla.' (Citing cases).

"Substantial evidence has been defined to mean 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' (Citing cases)."

In the case of *Sparks* v. *Baldwin* (1965), 137 Ind. App. 64, 205 N. E. 2d 173, 176, the court stated as follows:

"The law is that 'a verdict should be directed where there is a total lack of *substantial evidence of probative value,* a total lack of evidence not being required.' Flanagan, Wiltrout and Hamilton Indiana Trial and Appellate Practice, 1963, Pk. Supp. Sec. 1661, Comment 1. Further our Supreme Court in Whitaker, Admr. v. Borntrager (1954), 233 Ind. 678, 122 N. E. 2d 734, cited with approval authorities which have held that a directed verdict in favor of the defendant is proper 'where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant.' "

In *Henry* v. *Oberholtzer Construction Corporation* (1965), 138 Ind. App. 7, 211 N. E. 2d 194, 197, this Court held that:

"Evidence of probative value is evidence 'carrying the quality of proof and having fitness to induce conviction.' (Citing cases)."

It is our opinion that the tests set forth in the above cited cases are applicable in the case at bar and that it is necessary for the appellants to show a total lack of substantial evidence of probative value and not merely a total lack of evidence as is urged by the appellants.

There have been many cases arising under the guest statute and each of them has defined willful or wanton misconduct. From an examination of all of these cases it appears that the primary element that runs through each of them is the *complete course of conduct or misconduct of the host driver and not the occurrences at the immediate time and place of the accident.*

In *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 77, 46 N. E. 2d 836, the court stated:

> "Our courts in determining whether one has been guilty of wanton or willful misconduct have considered the *'course of conduct'* involved and have not confined their inquiry to occurrences at the immediate time and place of the accident. (Citing cases)." (Emphasis supplied)

In *Lee Brothers, Inc.* v. *Jones* (1944), 114 Ind. App. 688, 700, 54 N. E. 2d 108, the court spoke as follows:

> "Under such circumstances, it cannot be said that the appellant Baldwin consciously and intentionally persisted in a *course of conduct* that probably would result in injury to appellee's decedent. . . ." (Emphasis supplied)

In *Hubble* v. *Brown* (1949), 227 Ind. 202, 84 N. E. 2d 891, the Supreme Court held as follows:

> "It would seem therefore, that in considering such case as we have before us, we not only may take into account, but should take into account and consider, *the complete course of conduct* of the defendant and the combination of circumstances shown by the evidence, and should not be required to limit our consideration to evidence of the exact facts existing at the exact moment of the occurrence complained of. . . ." (Empasis supplied)

In *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 634, 93 N. E. 2d 363, this Court held:

> "The question should be determined by a consideration of his *whole course of conduct* leading up to the accident and the inquiry will not be confined to occurrences at the immediate time and place thereof. (Citing cases)." (Emphasis supplied)

In *Bybee* v. *Brooks* (1952), 123 Ind. App. 129, 136, 106 N. E. 2d 693, this Court stated as follows:

"This instruction is erroneous and misleading in that it would confine a factual situation to the moment of the catastrophe and then upon a finding of certain facts at the moment peremptorily direct a verdict for the defendant. The whole *course of conduct* is involved in determining wanton or willful misconduct." (Emphasis supplied)

In *Buroker* v. *Brown* (1960), 241 Ind. 421, 428, 172 N. E. 2d 849, the Supreme Court quoting from *Brown* v. *Saucerman* (1957), 237 Ind. 598, 145 N. E. 2d 898, states as follows:

"We recognize that 'when one by a continuous course of conduct seems to exercise no concern for others he may be both willful and wanton.' (Citing cases)."

In *Roop, Administrator, etc.* v. *Woods* (1962), 134 Ind. App. 88, 94, 186 N. E. 2d 439, the court spoke as follows:

"Willfulness arises where one persists in a *course of conduct* which the law describes as reckless, after knowledge of conditions has been obtained." (Emphasis supplied)

In *Shane* v. *Fields,* (1963), 135 Ind. App. 353, 359, 190 N. E. 2d 195, 198, the court held:

"The case law in Indiana has emphasized two elements that must be established by the evidence to fix liability for 'wanton or willful misconduct.' First, the defendant must have had 'knowledge of an impending danger' or 'have been conscious of a *course of misconduct*' calculated to result in the probable injury to his guest; and, second, the defendant's actions must have exhibited his indifference to the consequences of his misconduct. (Citing cases)." (Emphasis supplied)

In *Burke* v. *Burke, supra*:

"The appellant produced no evidence to show 'the conscious and intentional doing of a wrongful act or omission of a duty, with reckless indifference to consequences.' . . . Nor would driving on the left side of the road for 750 feet

if such were a fact, in and of itself imply such a *course of misconduct.* This conduct could not imply a reckless abandon, or indifference to the consequences when there is no evidence of appellee's intent or of any other misconduct. (Citing cases)." (Emphasis supplied)

The case of *Clouse, etc.* v. *Peden* (1962), 243 Ind. 390, 396, 186 N. E. 2d 1, recites the law of Indiana with reference to the interpretation of the guest statute, as follows:

"Accordingly, the foregoing decisions are consistent with the proposition that the misconduct of a host driver, in order to bring it within the purview of the guest statute (Sec. 47-1021), supra, must be committed while the driver is possessed of a mental attitude with respect to both his driving and his guest. This mental attitude is necessary if the conduct of the operator is to be described as being either 'wanton or willful' misconduct.

"As noted in the case of Brown v. Saucerman (1958), 237 Ind. 598, 601, 145 N. E. (2d) 898, the guest statute authorizes recovery from the host driver when his misconduct is either 'wanton or willful.'

"As stated by the writer of this opinion in the concurring opinion of Brown v. Saucerman, supra, 237 Ind. 598, at page 619, 145 N. E. (2d) 898, at page 907:

'To be guilty of wanton misconduct within the meaning of the statute (Sec. 47-1021), the driver must (1) be conscious of his misconduct; (2) be motivated by a desire to assert himself or his interests above or beyond or in reckless indifference for the safety of his guest, and (3) he must do so knowing that his conduct subjects them to a . . . probability of injury.' "

From an examination of the undisputed facts in this case, it is our opinion that the was no perverse motive shown on the part of the appellee, nor has it been shown that she consciously or intentionally with reckless indifference to consequences did some wrongful act or omitted some duty which produced the injuries to appellant, Carol Richey. Therefore, the trial court did not err in sustaining the appellee's motion for a directed verdict at the close of the evidence of the appellants for the reason that

there was a total lack of evidence of probative value showing willful or wanton misconduct on the part of the appellee; and therefore, the verdict of the jury is not contrary to law.

It is further our opinion that the trial court committed no reversible error by refusing to admit into evidence for the consideration of the jury, appellants' tendered Exhibits 13 and 14.

One other issue was raised by the affirmative answer filed by the appellee, namely, that appellant, Carol Richey, defeated her right of recovery by the doctrine of incurred risk. We do not feel it necessary to answer this issue or to comment thereon in the light of our opinion recited above.

Judgement affirmed.

Pfaff, C. J., Bierly and Cook, JJ. concur.

NOTE.—Reported in 228 N. E. 2d 429.