STATE OF INDIANA *v.* KUBIAK ET AL.

[No. 26,646. Filed October 20, 1936.]

*Philip Lutz, Jr.*, Attorney-General, *George L. Rulison* and *William E. Bussell*, Deputy Attorneys-General, for the State.

*George W. Sands*, for appellees.

FANSLER, J.—Defendants were charged with the unlawful sale of alcoholic beverages. Two witnesses, police officers, testified that they had purchased liquor from the defendants. When the state rested its case, the court, on motion of the defendants, instructed the jury that the evidence to sustain the state's case rested upon the testimony of two newly created police officers, who had admitted that they had imbibed one or more glasses of whiskey at four or five different establishments; that they must have reached a state of intoxication, and that therefore their evidence was not such that a conviction could stand upon it; and the jury was instructed to return a verdict for the defendants. The verdict was accordingly returned, and there was judgment for the defendants. The state excepted to the peremptory instruction, and has appealed, assigning the action of the court in giving the instruction as error.

It is thoroughly settled by the decisions in this state that a peremptory instruction directing a verdict can only be given where there is a total absence of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference and that inference is favorable to the party asking the instruction. Watson's Rev. of Works' Practice and Forms, §1685. The witnesses had testified positively to material facts which sustained the state's case. There was therefore not a total absence of testimony. Whether the state had proved

its case, after this testimony was in, depended upon whether the jury would give credence to the testimony. Where a determination of the issue involves the credibility of witnesses, it is an invasion of the province of the jury for the court to direct a verdict. *Haughton* v. *Aetna Life Insurance Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613.

Appellees contend that the action of the court in giving the instruction involved a ruling on the competency of the witnesses, and not upon their credibility. The language of the instruction does not bear out this contention, nor does there seem to have been any objection to their testimony upon the ground of competency. Appellees contend that, "as to the competency of a witness in a case of intoxication, it is for the trial court in its discertion to determine whether or not his testimony should be received." 70 C. J., p. 96, is cited as sustaining this contention. A careful examination of the text and the authorities cited to support it discloses that such a rule applies only to witnesses who are intoxicated at the time they are offered as witnesses. A witness is not rendered incompetent by the fact that he was intoxicated on the occasion concerning which he is called to testify. His intoxication under such circumstances may be considered only upon the question of credibility. The court erred in giving the instruction.

Kubiak, the proprietor of the establishment, and Sikorski, his employee, were charged jointly. There was evidence that the witnesses purchased liquor from Sikorski. The state offered to prove that, a few days later, when a warrant was served, there were bottles of whiskey back of the bar in the establishment. This evidence was excluded on objection, and the state assigns this ruling as error. Such evidence was competent as against Kubiak for the purpose of showing cooperation in the sale made by his employee. Its weight

was a question for the jury. *Thompson et al.* v. *State* (1920), 189 Ind. 182, 125 N. E. 641. Appeal sustained.