BRADFORD *v.* CHISM.

[No. 19,549. Filed January 17, 1963. Rehearing denied February 20, 1963. Transfer denied April 23, 1963.]

502

*Allen & Allen*, of South Bend, for appellant.

*Richard C. Kaczmarek*, of South Bend, for appellee.

HUNTER, J.—Helen Bradford, appellant, brought this civil action in the St. Joseph Superior Court No. 1 against Edward L. Chism, appellee, for damages for personal injuries sustained as a result of a collision wherein an automobile in which she was riding and operated by her husband, and an automobile operated by Jack Johnson, alleged servant of the appellee, were involved.

Said complaint was based upon alleged negligence of agents and servants of appellee. Issues were formed by appellant's complaint and appellee's answer thereto.

Trial was had by jury. At the conclusion of appellant's evidence, appellee moved the court for a directed verdict, which the court sustained, and thence instructed the jury to return a verdict in favor of defendant-appellee. The jury found for the defendant and the court rendered consistent judgment. Upon the overruling by the court of a motion for a new trial this appeal followed.

Appellant, in her assignment of errors, avers that "The court erred in overruling the appellant's motion for a new trial."

In her specifications embraced in her motion for a new trial, appellant charges: (1) Error of law occuring at the trial in that the court erred in sustaining the defendant's motion for a directed verdict at the close of evidence by plaintiff and thence erred in peremptorily instructing that a verdict for the defendant be returned by the jury and (2) That the decision of the court is contrary to law.

Reasons advanced in defendant's motion for a directed verdict were:

"(1) The evidence fails to show the existence of any duty on the part of the defendant within the issues tendered by the complaint, a violation of which was the proximate cause of plaintiffs injury.

"(2) The evidence fails to show any negligence on the part of the defendant within the issues tendered by the complaint.

"(3) The evidence fails to show that the defendant had agents and servants as alleged in the complaint."

The court apparently accepted defendant's charge that there was no legal relationship existing at the time of the accident of a master-servant arrangement between appellee and Jack Johnson, whereby, the action of Jack Johnson would confer liability upon the appellee for damages sustained in the collision involving appellant and the said Johnson.

While the courts in this state have a duty and responsibility to protect citizens from actions destitute of a foundation in law, we must concern ourselves with a constitutional provision of Indiana as set forth in Article 1, Section 20 thereof, to-wit:

"In all civil cases, the right of trial by jury shall remain inviolate,"

which places "a heavy restraining hand upon the courts to deny the submission of a cause brought in good faith and based upon a situation involving far reaching and serious consequences to the plaintiff." *Garr* v. *Blissmer* (1961), 132 Ind. App. 635, 177 N. E. 2d 913.

We have from the case of *Estes* v. *Anderson Oil Co.* (1931), 93 Ind. App. 365, 176 N. E. 560, this significant

sentence relative to the advisability of a directed verdict as follows:

"The law very zealously protects one against whom a motion for a directed verdict is addressed ..."

This court has held in many cases that a peremptory instruction for a defendant will be upheld only if one or more of the material allegations of the complaint essential to recovery are not supported by evidence of probative value or by any reasonable inference that may be drawn therefrom. *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734; *Huttinger* v. *G. C. Murphy Company* (1961), 131 Ind. App. 642, 172 N. E. 2d 74; *Morrow, Inc.* v. *Munson et al.* (1958), 129 Ind. App. 113, 150 N. E. 2d 256 and cases cited at page 120.

There are numerous decisions by the Supreme Court and by this court that the question of respondeat superior is a question of fact and hence should be submitted to a jury for consideration. *Department of Treasury* v. *Ice Service, Inc.* (1942), 220 Ind. 64, 41 N. E. 2d 201; *Mays* v. *Welsh* (1941), 218 Ind. 356, 32 N. E. 2d 701; *Ross, Receiver* v. *Indiana Nat. Gas, etc., Co.* (1921), 78 Ind. App. 219, 130 N. E. 440; *Jasper County Farms Co.* v. *Holden* (1923), 79 Ind. App. 214, 137 N. E. 618. See also 35 Am. Jur., Master and Servant, §538, p. 966 for cases in foreign jurisdictions.

However, this court has held in other cases that the question of respondeat superior is one of law and hence is for the trial court to decide. Notable among these cases are *Modern Woodmen, etc.* v. *Lyons* (1920), 76 Ind. App. 641, 128 N. E. 651; *Michigan Mutual Life Ins. Co.* v. *Thompson* (1908), 44 Ind. App.

180, 83 N. E. 503; *The Indiana Insurance Company* v. *Hartwell* (1890), 123 Ind. 177, 24 N. E. 100.

We think the apparent conflict in the cases cited above may be resolved upon a consideration of the nature of the evidence presented by the parties in attempting to establish a master-servant relationship. In those cases in which circumstantial or disputed evidence was presented, the court held that the relationship was a question of fact, whereas, in cases involving a written instrument or other uncontradicted evidence, the court held it to be a question of law. In 56 C. J. S., Master and Servant, §13, at page 92, the rule is given as follows:

> "As in civil actions generally, where the evidence on a material issue in actions involving the relation of master and servant is conflicting or admits of more than one inference, the question thereby raised is one of fact for the determination of the jury; otherwise the question is one of law for the court." (See cases cited in Footnotes 12 and 13.)

We are of the opinion that the trial court in the case at bar as a matter of law could legally take the case away from the jury at the close of plaintiff's evidence *only*, if the plaintiff had failed to submit evidence of probative value from which the jury could have directly found or reasonably and justifiably inferred the existence of a master-servant relationship.

Hence, our duty is to review the evidence most favorable to the appellant to determine whether there was any evidence of probative value to support a reasonable inference by the jury of a master-servant relationship between appellee and the said Jack Johnson. In doing so we must draw against the party requesting a peremptory instruc-

tion, all inferences which the jury might reasonably draw. *Johnson* v. *Estate of Gaugh et al.* (1955), 125 Ind. App. 510, 124 N. E. 2d 704.

In viewing the evidence most favorable to the appellant we think the jury could have reasonably and justifiably inferred and found the existence of the following facts: that appellee was the owner of a garage and was primarily engaged in the repair of automobiles; that during the interval of time from January 1, 1958 until July 15, 1958, and at the date of the collision, Jack Johnson visited appellee's place of business and observed the repair of various automobiles several times a week in order to learn the business; that on the date of the collision in question Johnson had been working on a Ford automobile involved in the collision; that this automobile was owned by appellee and prior to the collision was in the garage area; that while standing near the Ford, Johnson saw an acquaintance, one Eugene Dawson, driving by and waved him to come to the lot; that being unable to start the automobile, Johnson requested Dawson to push the Ford which he did; that after pushing the Ford through various alleys and streets, Camden Street was entered; that Johnson directed Dawson to speed up to thirty miles per hour which was done; that on a downgrade the Ford accelerated into a "T" intersection with Washington Street and due to faulty brakes, Johnson collided with the eastbound car driven by appellant's husband; that appellee did give Johnson permission to attempt to drive the Ford automobile; that Johnson after said collision continued to visit the appellee's place of business, attempting to learn the automobile repair business; that appellee had the car taken to his garage after the collision; that appellee told appellant's

brother-in-law owner of the other car, that he would fix the car and that he (appellant's brother-in-law) heard appellee tell the police that he would tow the car which struck the Ford automobile to his (appellee's) garage and repair it, which was done.

Occasions often arise which impel the courts to consider the questions of the necessary elements or foundations that are essential to the establishment of a master-servant relationship. In *Van Drake* v. *Thomas* (1942), 110 Ind. App. 586, 38 N. E. 2d 878, our court quotes from 35 Am. Jur., Master and Servant §539, p. 967, as follows:

> "... While the maxim *respondeat superior* is often said to be founded upon the principle that one who expects to derive profit or advantage from an act done for him by another must answer for any injury which a third person may sustain from the doing of that act, the real test of liability is the power or right of control of the employee rather than the benefit which may be derived from his services.

> "... It is not, however, essential that the master's control be in fact exercised, if he in fact has that power of control...."

In *Estes* v. *Anderson Oil Co.* (1931), *supra*, similar to the case at bar, the court at page 372 said:

> "... the relation of *respondeat superior* may depend entirely upon the conduct of the parties, ...."

In the case of *Superior Meat Products* v. *Holloway* (1943), 113 Ind. App. 320, 48 N. E. 2d 83, evidence presented showed a registry of the truck, involved in the collision, in the name of the appellant, Superior Meat Products, Inc., with a name on the truck of "Superior Meat Products," and that said truck was op-

erated by one, Einikis, who held a chauffeur's license. The court held this evidence sufficient to support a reasonable inference of the existence of the employer and employee relationship between the appellants. The court in that case at page 327 said:

"It is well settled, we think, under the doctrine of *respondeat superior* that a court or jury may look to the conduct of parties in order to determine the existence of the relationship of employer and employee."

In this case the court affirmed the judgment entered by the trial court in favor of appellee, Holloway. While this is a stronger case than the case at bar, nevertheless, it merits serious consideration on the question now before us.

We think that in the case at bar, the evidence most favorable to appellant is such that the jury may have reasonably and justifiably drawn an inference of control by appellee; that the conduct of the parties prior to, at the scene of, and subsequent to the collision, was such that a reasonable inference may have been drawn by the jury that a master-servant relationship existed between Johnson and the appellee at the time of the collision.

We are of the opinion that such evidence was sufficient to present fact questions which the Court should have submitted to the jury for consideration.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings.

Mote, P. J., Kelley, Pfaff, JJ., concur.

NOTE.—Reported in 186 N. E. 2d 432.