JOAN SPARKS, B/N/F RUTH SPARKS *v.*
GLEN BALDWIN ET AL.

[No. 19,921. Filed March 16, 1965.]

*Lawrence H. Robbins* and *Everett McDaniels,* of Anderson, for appellants.

*Schrenker & Anderson,* of Anderson, for appellees, Glen and Laura Baldwin.

*J. Bayne Burton,* of Anderson, for appellee, Robert M. Patton.

BIERLY, P. J.—Appellant, Joan Sparks, by her next friend, Ruth Sparks, brought this action to recover damages for personal injuries sustained as a result of a collision between an automobile driven by Laura Baldwin and owned by Glen Baldwin, in which appellant was a guest passenger, and an automobile driven by Robert M. Patton. At the conclusion of appellant's evidence, upon motions of the respective appellees, the trial court directed verdicts for appellees, Baldwins, and appellee, Patton, and the correctness of these rulings is herein challenged.

Appellant's second amended complaint alleged, in essence, that appellant was a non-paying passenger in an automobile owned by Glen Baldwin and being driven by Laura Baldwin in an easterly direction along Tenth Street in the city of Anderson; that Robert M. Patton was operating an automobile along State Highway 109 By-pass in a southernly direction; that Tenth Street and 109 By-pass intersect at right angles; and that appellee, Laura Baldwin, with total heedlessness and reckless disregard of the rights of the appellant, was guilty of *wilful and wanton negligence* in that she failed to stop her car before entering the intersection, which was in violation of an overhanging electric automatic traffic signal; and that appellee, Patton, was guilty of carelessness and negligence in that he failed to heed the warning light and failed to enter the intersection with caution.

Appellees, Laura and Glen Baldwin, filed a demurer to the second amended complaint alleging insufficient facts to constitute a cause of action. In their memorandum thereto, attention was called to the fact that the language of the guest statute contains the phrase "wilful and wanton misconduct", which appellees allege is not the equivalent of negligence. It was urged that appellant's complaint must be based upon the

theory of "wilful and wanton misconduct", and an allegation of "wilful and wanton negligence" does not state facts sufficient to constitute a cause of action.

Thereafter appellees, Baldwins, filed their motion for a separate trial contending therein that since appellant was pursuing a theory of complaint of wilful and wanton misconduct against them, while, at the same time, pursuing in the same complaint a theory of negligence against appellee, Robert M. Patton, they were entitled to a separate trial, as a jury trial would be unduly complicated by reason of the two distinct and separate theories. The court overruled both the demurrer and motion for a separate trial.

Appellees, Laura and Glen Baldwin, took no further action to challenge the action of the trial court on this matter but filed answers in compliance with the rules.

Acts 1937, ch. 259, §1, p. 1229, being §47-1021, Burns' 1952 Replacement, provides:

"47-1021. *Guest of Owner or Operator.—Right to Damages.* The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof unless such injuries or death are caused by the *wanton or wilful misconduct* of such operator, owner, or person responsible for the operation of such motor vehicle." (Our Italics)

Appellant's second amended complaint alleged that appellee, Laura Baldwin, was guilty of "wilful and wanton negligence". However, appellant in her brief charged that said appellee was guilty of "wilful and wanton misconduct" and appellees, Baldwins, in the memorandum to their demurrer used the words "wilful and wanton misconduct." While neither the appellant nor the appellees correctly quoted the lan-

guage of the guest statute, which specifies *"wanton or wilful misconduct"*, it affirmatively appears that the parties understood the theory of appellant's complaint and were not misled as to the issues raised. While we are not in this particular case called upon to determine whether "wilful and wanton negligence" is the equivalent of "wanton or wilful misconduct", we take cognizance of the fact that the phraseology used in the guest statute is "wanton or wilful misconduct."

The salient facts developed and disclosed by the evidence are as follows:

The collision occurred at the intersection of State Highway 109 By-pass, which runs in a generally northerly and southernly direction, and Tenth Street which runs in a generally easterly and westerly direction and is on the east edge of Anderson, Indiana. The overhanging electric automatic traffic signal erected at this intersection becomes a flasher signal after 10:00 P.M., and the red flasher faces Tenth Street and the amber or "caution" light faces #109 By-pass. The collision occurred about 10:30 P.M. The automobile in which appellant was a guest was traveling east on Tenth Street. The visibility to the north on #109 By-pass, when approaching the intersection from the west on Tenth Street, is generally unobstructed in that there is a vacant lot on the northwest corner of the intersection; also, a house is located about 260 feet west of the intersection on Tenth Street; and a root beer stand is located about 900 feet north of Tenth Street on 109 By-pass. The automobile driven by appellee, Patton, approached the intersection from the north. Appellant was riding in the front seat with Laura Baldwin, on her left and Doris Hodges, a sister of Laura Baldwin, on her right. Appellant testified that as appellee approached the intersection "She did

not stop, she slowed down, I remember her saying 'Oh my God' and the car hit us." Appellant testified further that appellee Baldwin was driving about 20 to 30 miles per hour when she entered the intersection.

On cross examination appellant testified that after entering onto Tenth Street appellee, Baldwin, drove from 20 to 30 miles per hour until she approached the vicinity of the intersection at 109 By-pass; that appellee, Baldwin, slowed down before entering the intersection; that appellant could not say how fast they were going when they entered the intersection, but it was more than creeping along; that appellant looked for traffic in both directions but did not see any traffic coming down the By-pass; and that appellant did not see the car that collided with the Baldwin automobile prior to the accident. Also, the record shows that appellee, Baldwin, lived near and was familiar with this intersection.

The paramount issues are whether or not the trial court erred in sustaining the respective motions of appellees, Laura and Glen Baldwin, and appellee, Patton, for directed verdicts.

The law is that "a verdict should be directed where there is a total lack of *substantial evidence* of *probative value,* a total lack of evidence not being required." Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* 1963 Pk. Supp., §1661, Comment 1. Further, our Supreme Court, in *Whitaker, Admr. v. Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734, cited with approval authorities which have held that a directed verdict in favor of a defendant is proper "where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant."

We think the trial court was justified in sustaining

a motion for a directed verdict in the case at bar, unless there was some evidence of probative value from which the jury may have found, or from which a proper inference might have been drawn that appellee, Laura Baldwin, was conscious of her conduct as she entered the intersection; that she was aware of the existing conditions surrounding such intersection as she approached it; that she knew injury to her guest passenger would probably result should she proceed into the intersection with reckless indifference to the consequences; and that she, in a conscious and intentional manner, failed to stop at a preferential highway. This is the substance of the language as recited in *Reynolds, Admtrx., etc. v. Langford* (1961), 241 Ind. 431, 172 N. E. 2d 867; *Brown v. Saucerman* (1958), 237 Ind. 598, 602, 145 N. E. 2d 898.

We find no evidence in this cause that appellee, Laura Baldwin, acted with reckless indifference and was conscious of wrongdoing. Evidence disclosed that appellant, even though she looked both ways, saw no other vehicle involved in the collision.

We quote from *Clouse v. Peden* (1962), 243 Ind. 390, 186 N. E. 2d 1, wherein the court said:

". . . misconduct of a host driver, in order to bring it within the purview of the guest statute [47-1021], *supra*, must be committed while the driver is possessed of a mental attitude with respect to both his driving and his guest, which is adverse to the welfare of his guest. . . .".

There certainly is no such evidence in the case at bar and appellant can find no comfort in the case of *Clouse v. Peden, supra.*

No evidence was forthcoming that appellee, Baldwin, saw any other car.

It is quite true that appellee was fined in Anderson City Court for failure to stop at the intersection prior to entering therein. This matter of traffic violations frequently appears in wanton or wilful misconduct cases. We quote from *Becker v. Strater* (1947), 117 Ind. App. 504 (transfer denied); 72 N. E. 2d 580, as follows:

> "When he reached the intersection he failed to look to his right and he failed to stop. A jury could properly find either of these acts to constitute negligence. But could they properly find either or both acts to constitute willful or wanton misconduct? We think not. Mere negligence is not sufficient. The violation of a statute does not necessarily constitute willful or wanton misconduct.

> "There was nothing about appellee's conduct suggesting reckless abandon. He did not rush into the intersection knowing that other cars were approaching. All the evidence is to the effect that he had no knowledge of the approach of the automobile which struck him. He was not warned either by others or by his own senses."

We think that the Becker case is analagous to the case at bar. On the other hand, it appears to us that the cases cited as authority by appellant contain facts that are materially different or, being outdated by change of law, are no longer controlling.

We are of the opinion that the judgment as to appellees, Glen Baldwin and Laura Baldwin, should be affirmed.

In light of our conclusion reached as to the appellees, Glen Baldwin and Laura L. Baldwin, we think appellant's allegation that the trial court erred in overruling the motion for a new trial as to Robert M. Patton, is not well taken.

Patton is being charged as "guilty of carelessness and negligence"; that he "carelessly and negligently

failed to heed the warning of the traffic light"; that he "failed and refused to approach said intersection with caution" and that he "carelessly and negligently drove his said automobile into and against the motor vehicle in which plaintiff was riding". Appellant has the obligation to produce and offer evidence as to these allegations, which she did not do.

Evidence must be more than suspicion to have probative value. *Craig, Extrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. 2d 1006. Negligence must be proved and in the absence of some proof thereof negligence by inference cannot prevail. *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. 2d 330. Evidence supporting a charge of negligence must be substantial and have probative value. *Pennsylvania R. Co.* v. *Rizzo* (1949), 119 Ind. App. 505 (transfer denied), 86 N. E. 2d 91.

The record is lacking in evidence of the speed of Patton's automobile, in the showing of any negligence as to the manner that Patton was driving, and in establishing any violation of statute or regulation by Patton at the time of collision.

Appellant seems to believe, since an accident occurred in which Patton's car was involved, that Patton was guilty of negligence, but in *Parry Mfg. Co.* v. *Eaton* (1908), 41 Ind. App. 81, at page 93, 83 N. E. 510, the court said:

"... to establish the negligence charged it would not be sufficient for the plaintiff to show that an accident had happened and that an injury resulted therefrom."

To us it appears that there was a total lack of evidence relative to the alleged negligence of appellee, Patton, and hence it follows that the court did not err

in sustaining the motion for a directed verdict in favor of Patton.

Therefore, we hold that the judgment of the trial court should be likewise affirmed as to Robert M. Patton.

Judgment affirmed as to all appellees.

Hunter, Mote and Smith, JJ. concur.

NOTE.—Reported in 205 N. E. 2d 173.