LAYMAN v. HALL OMAR BAKING COMPANY ET AL.

[No. 20,164. Filed January 31, 1966. Rehearing denied April 18, 1966.]

*Verl G. Miller* and *Berry, Kincade & Miller,* of Terre Haute, and *Branigin, DeMoss & Jones,* of Franklin, for appellant.

*John R. Hiner, Grace M. Curry* and *Bingham, Summers & Spilman,* of Indianapolis, and *James B. Young* and *Pogue & Young,* of Franklin, for appellee.

WICKENS, J.—A suit to recover damages because of personal injuries was instituted by plaintiff-appellant. At the conclusion of the plaintiff's evidence the trial court sustained a motion for a directed verdict for defendant-appellee.

Here appellant by a motion for new trial alleges the verdict is contrary to law and that the trial court erred in instructing the jury to find for defendants.

This court is properly said to have approved the theory that the material allegations of appellant's complaint which are essential to recovery must be supported by "substantial" evidence as differentiated from a mere "scintilla." *Burke* v. *Burke* (1963), 135 Ind. App. 235, 242, 191 N. E. 2d 530 (Transfer Denied).

It has been our holding that a verdict should be directed where there is a total lack of substantial evidence of probative value. *Sparks* v. *Baldwin* (1965), 137 Ind. App. 64, 205 N. E. 2d 173, 176.

Those rules do not change the obligation of the reviewing court to consider only that evidence favorable to the party against whom the motion was directed and all reasonable inferences therefrom.

Unless there appears to be a total lack or failure of substantial evidence and the reasonable inferences therefrom of probative value upon at least one essential element of the plaintiff's case, the court should not give a peremptory instruction for a directed verdict. *Phares* v. *Carr* (1952), 122 Ind. App. 597, 600, 106 N. E. 2d 242 (Transfer Denied).

The briefs of the parties indicate substantial differences of opinion as to what was established by the evidence. Accordingly we have also examined the transcript. Only the plaintiff's evidence was introduced. There were four witnesses. A doctor testified as to the injuries. The defendant driver was called to the stand by plaintiff and questioned merely as to the ownership and control of his co-defendant's vehicle; he was asked no questions calculated to establish negligence. Plaintiff told her version of the accident and further testified concerning her injuries. Plaintiff's husband testified partly as to his wife's injuries and also in a very limited way as to the position of the vehicles when he arrived at the accident scene. For all practical purposes we are therefore confined, in determining whether a prima facie case was made, by a minute examination of plaintiff's testimony.

Plaintiff testified that on the day in question shortly after 8 A. M. she was driving her husband's auto going to pick up her daughter who was at work. She drove north on Fruitridge Avenue, a north and south street in Terre Haute. There were scattered residences and a corn field in the area where Fruitridge is intersected by Linden Street coming from the west and forming a T intersection. About a block or a block and a half south of this intersection she first observed the Omar bakery truck. It was also going north on Fruitridge and was in its right hand lane as was plaintiff. She

estimated the speed of the truck at 15 m. p. h. and her speed as she was overtaking it at 30 m. p. h. Relating what happened as she came up to about four car lengths behind the truck, plaintiff said: I sounded my horn and looked back to see if there were any other cars coming, which there weren't, and I sounded my horn and I pulled out into my west lane."

Further the plaintiff testified:

"Well, as I just got up with my front wheels to his back wheels he swerved and came across into my lane, so I left the road in order to keep a collision from being performed there and then I was trying to control my car and then he swerved back and went on down the road and I was trying to get my car back upon the road."

Plaintiff also related that half of the truck was across the center of the highway, that her car partly left the travel surface and collided with a tree about 6 feet off the highway and on the west side of Fruitridge and 25-30 feet north of the intersection.

She testified that she started to go around the truck when she was about 175 feet south of where Linden Street intersects Fruitridge. There was no contact by the vehicles.

The plaintiff's allegations of negligence were the failure to keep a lookout, failure to signal turning and failure to keep defendants' vehicle under control. It was incumbent on plaintiff to establish that the proximate cause of injury was one or more of the foregoing charges. We are not able to find any direct evidence in the record pertaining to the charges of failure to keep a lookout or failure to keep the vehicle under control. It is possible that reasonable inferences from the evidence might be said to support those charges.

Concerning the failure to signal a turn, plaintiff-appellant testified that she observed no signal by appellee driver, no light and no extended left hand. There was also testimony by appellant that she accused appellee driver of not having lights on, we believe referring to the signal lights. No denial or remarks on his part are in the record.

Appellant was asked in cross-examination if she had told various persons that she saw the signals too late and this was repeatedly and categorically denied. Leading questions asked of her do not establish as facts any of the inferences of the examiner.

In *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 504, 186 N. E. 2d 432 (Transfer Denied) an opinion by Judge Hunter of this court emphasized the duty to protect citizens from being deprived of the trial by jury guaranteed by the Constitution of Indiana, Art. 1, § 20. As quoted there we are required to be mindful that the law "zealously protects one against whom a motion for a directed verdict is addressed . . ."

A careful consideration of the testimony we have outlined leads to the belief that the trial court may have attempted to weigh the evidence in arriving at the decision to direct a verdict. This it may not do. The decision must be submitted to the jury if there is any substantial evidence of probative value no matter what its weight or character, nor how it may apparently be overborne by more convincing evidence conflicting therewith.

At all times it is our obligation to seek to find in the trial court's action that what it did in taking the case from the jury, was done to prevent a miscarriage of justice. An example of which might be where sympathy or prejudice will probably overcome the factual judgment of the jury. We have been unable to recognize such a possibility here.

As was said in *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 684, 122 N. E. 2d 734:

"When all the known physical conditions and circumstances surrounding an accident are proved as in this case and there are legitimate inferences that naturally flow therefrom that by a fair preponderance might convince reasonable persons that the collision was caused by defendant's negligence as alleged, while other equally reasonable persons might not be so convinced thereby a situation exists for solution by the jury only under proper instructions

from the court. Under such conditions it is error to give a peremptory instruction to find for the defendant."

This is not one of those cases wherein the evidence on the controlling question is documentary and its interpretation and construction become a matter for the court as in *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592. There it is even held proper under some circumstances to instruct a verdict in favor of the party having the burden of proof. On the contrary here the direct evidence consists of testimony only. In such an event the court in *Haughton, supra,* at page 40 of 165 Ind. says:

"But where a determination of the issue involves the credibility of witnesses, and rests upon inferences and deductions to be drawn from facts proved, it will be an invasion of the province of the jury for the court to direct a verdict."

See also: *State* v. *Kubiak* (1936), 210 Ind. 479, 481, 4 N. E. 2d 193.

We hold it to be error to direct a verdict for the defendant here and that the decision is therefore contrary to law. The judgment is reversed, and the court is ordered to sustain the motion for new trial.

Prime, C. J., Carson and Faulconer, JJ., concur.

## ON PETITION FOR REHEARING

WICKENS, J.—By a petition for rehearing it is urged that appellant was guilty of contributory negligence as a matter of law, and that we have failed to consider appellees' argument thereon.

We have now given additional consideration to the subject of contributory negligence. Again, it is the obligation of this court to consider only that evidence favorable to the party against whom the motion was directed and the reasonable inferences therefrom.

All facts which the evidence tends to prove must be accepted as true, and the court must draw against the party requesting the instruction all inferences which a jury might reasonably draw. If a witness makes contradictory assertions we do not undertake to determine which are true. *Kraus v. Kraus, Executor, Etc.* (1956), 235 Ind. 325, 329, 132 N. E. 2d 608; *State Farm Life Insurance Co. v. Spidel* (1964), 246 Ind. 458, 202 N. E. 2d 886, 888, 889, Vol. 4, Ind. Dec. 312, 314.

Contributory negligence is determined and governed by the same tests and rules as negligence of the defendant. Negligence which is so clear and palpable that no verdict could make it otherwise is said to be negligence as a matter of law. *Jenney Electric Mfg. Co. v. Flannery* (1912), 53 Ind. App. 397, 408, 98 N. E. 424.

Before we could affirm the judgment because of contributory negligence as a matter of law we would be required to find that the trial court had before it evidence, without conflict, which led but to one conclusion, that the plaintiff was herself guilty of negligence which contributed to and caused or partly caused her own injury.

We fail to find evidence or reasonable inferences to be drawn from the evidence to establish such hypothesis. Additionally we cannot say as a matter of law that the negligence, if any, of the plaintiff was a proximate cause of her injury.

Therefore petition for rehearing is denied.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 726. Rehearing denied in 215 N. E. 2d 692.