KLEINSCHMIDT *v*. CLARK, ADMX., ESTATE OF CLARK, DEC'D.

[No. 967A65. Filed July 11, 1968. Rehearing denied September 9, 1968. Transfer denied December 23, 1968.]

*Edmond J. Leeney,* of Hammond, *Orville W. Nichols,* of Knox, *Samuel S. Dubin,* of Gary, and *Galvin, Galvin & Leeney,* of Hammond, of counsel, for appellant.

*V. John Roberts,* of Lowell, and *Paul Reed,* of Knox, for appellee.

SMITH, J.—This is an action to recover damages for the wrongful death of appellee's decedent, brought against the appellant and one Bruce McNeill. Settlement was made before trial with Bruce McNeill and the cause of action against him was dismissed.

The issues were formed by appellee's complaint and the answer in denial filed by the appellant pursuant to Rule 1-3 of the Supreme Court of Indiana.

The trial was had to a jury in the Starke Circuit Court, and the jury returned a verdict for the appellee, Marcia E. Clark, Administratrix of the Estate of Millard T. Clark, Deceased, and against the appellant, Marylynn L. Kleinschmidt, and assessed damages in favor of appellee in the sum of $50,000. Upon the rendition of the verdict, the court entered a judgment as follows:

"It Is, Therefore, Ordered, Adjudged and Decreed by the Court, That the plaintiff recover of and from the defendant the sum of $50,000.00 together with her costs in this matter."

The complaint, in part, reads as follows:

"Plaintiff complains of defendants and for cause of action alleges and says:

"1. That Plaintiff is the duly appointed, qualified, and acting special administratrix of the Estate of Millard T. Clark, in Estate No X7439 of the Lake Circuit Court, Lake County, Indiana, having been appointed for the purpose of bringing a wrongful death action for the use and benefit of the dependents of Millard T. Clark.

\* \* \* \* \*

"3. That on the 22nd day of March, 1965, at about 3:55 P.M., Central Standard Time, Millard T. Clark, Plaintiff's intestate, was driving a 1959 Chevrolet Truck in a northerly direction on State Road No. 55, about two (2) miles north of its intersection with State Road No. 2, which location is also about five (5) miles northeast of Lowell in Lake County, Indiana, while proceeding north on said State Road No. 55 in the east and north bound lane of traffic. (Sic).

"4. That on said date, time and place the defendant, Bruce McNeill, was driving his 1954 Buick Skylark, proceeding in a northerly direction on said State Road No. 55 immediately and closely behind the truck of Plaintiff's decedent.

"5. That on said date, time and place the defendant, Marylynn L. Kleinschmidt, was driving her 1962 Oldsmobile two door Convertible in a southerly direction on said State Road No. 55 while proceeding in the opposite direction of Plaintiff's decedent and the motor vehicle of the defendant Bruce McNeill.

"6. That on said date, time and place said State Road No. 55 was a two lane blacktop highway, twenty-four (24) feet in width, running due north and south, providing two lanes of traffic, one for traffic proceeding north and the other for traffic proceeding south and marked and divided by a dotted white center line.

"7. That on said date, time and place said three motor vehicles were approaching a hillcrest on said State Road No. 55; that south from said hillcrest for a distance of over one thousand (1000) feet said highway was down grade and for a distance of eight hundred (800) feet south of said hillcrest was marked by a continuous, unbroken yellow line to the east of said center line of said highway and at a distance of eight hundred (800) feet south of said hillcrest there was erected on the east berm of said highway by the Highway Department a sign, facing to the south, with the words 'no passing' thereon; that to the north of said hillcrest said Sate Road No. 55 was also down grade for a distance of approximately one thousand (1000) feet; also marked by a continuous, unbroken yellow line to the west of said center line and with a like 'no passing' sign erected on the west berm of said highway facing to the north; and that both south and north

of said hillcrest vision of traffic approaching from the opposite direction was obscured.

"8. That the death of Plaintiff's decedent was proximately caused by the negligence of the defendant, Bruce McNeill, in the following particulars, to-wit:

(a) that while proceeding north, directly behind the motor vehicle of Plaintiff's decedent, and at a point approximately eight hundred (800) feet south of said hillcrest described, he carelessly and negligently proceeded to pass Plaintiff's decedent by turning to the left and entering the west lane of said two lane highway provided for southbound traffic, while entirely within said no passing zone, in violation of the Indiana Statutes prohibiting passing while in a no passing zone.

(b) that while proceeding north, directly behind the motor vehicle of Plaintiff's decedent, and at a point approximately eight hundred (800) feet south of said hillcrest described, he carelessly and negligently proceeded to pass Plaintiff's decedent by turning to the left and entering the west lane of said two lane highway provided for southbound traffic, with his vision of on coming traffic approaching from the north of said hillcrest completely obscured.

"9. That as a result of the defendant, Bruce McNeill, passing Plaintiff's decedent in said no passing zone and with vision obscured as aforesaid, and the proximity of the defendant, Marylynn L. Kleinschmidt, arriving in her motor vehicle at said hillcrest, in the west bound lane in which he was using to pass Plaintiff's decedent, *he caused said defendant, Marylynn L. Kleinschmidt, to lose control of her motor vehicle in attempting to avoid his motor vehicle proceeding in her south bound lane of traffic and to crash into the motor vehicle of Plaintiff's decedent head on and with great force and violence, killing Plaintiff's decedent as a result of said collision and the ensuing fire of the truck which Plaintiff's decedent was driving.* (Emphasis supplied).

"10. That the death of Plaintiff's decedent was proximately caused by the negligence of the defendant, Marylynn L. Kleinschmidt, in the following particulars, to-wit:

(a) *that said defendant failed to have her motor vehicle under control while approaching the hillcrest described above and as a result lost control and crossed*

*the center line of said two lane highway into the east and northbound lane of traffic and into the path of the motor vehicle of Plaintiff's decedent.* (Emphasis supplied.)

"11. That as a result of the defendant, Marylynn L. Kleinschmidt, not having her motor vehicle under control and losing control thereof crossing into the opposite lane of traffic as aforesaid, she crashed head on into the motor vehicle of Plaintiff's decedent, causing his death as a result of said collision and the ensuing fire of the truck which Plaintiff's decedent was driving."

\* \* \* \* \*

The appellant filed a timely motion for a new trial, setting forth therein the following grounds:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. The court erred in overruling defendant's motion, made at the close of plaintiff's evidence, to instruct the jury to return a verdict for the defendant.

4. The court erred in overruling defendant's motion made at the close of all the evidence to instruct the jury to return a verdict for the defendant.

5. Error of law occurring at the trial, to-wit: The court erred in admitting into evidence Plaintiff's Exhibit No. 8 over the objection of the defendant.

Appellant has assigned as error the overruling of a motion for a new trial. Grounds 1 to 4 inclusive of that motion, in substance, are that the verdict was not sustained by sufficient evidence; was contrary to law; that the trial court erred in overruling appellant's motion for a directed verdict at the close of the appellee's evidence; and that the trial court erred in overruling the appellant's motion for a directed verdict at the conclusion of all of the evidence.

For the reason that grounds No. 1, 2, 3 and 4 set forth in the motion for a new trial are based on one proposition only, and that is, that there is an absolute lack of evidence to support the verdict of the jury, such grounds will be grouped and discussed in this opinion as one and the same assigned error.

The appellee's complaint in substance charged the appellant with having lost control of her motor vehicle and with crossing over the center line of the highway into the northbound lane of traffic and thereby colliding with the truck which at the time was being operated by the appellee's decedent.

In answer to this general charge of negligence the appellant asserts that there is no evidence to prove this charge of negligence and that there is no evidence from which a reasonable inference could be drawn to establish such a charge of negligence.

In the case of *Burke v. Burke* (1963), 135 Ind. App. 235, 191 N.E. 2d 530, and cases cited therein, our court held in substance that the material allegations of a complaint sounding in tort and based on specific acts of negligence essential to recovery are required to be supported by *substantial evidence* as differentiated from a mere *scintilla of evidence*. In this case, the trial court sustained a motion for a directed verdict and the question on appeal was whether there was *substantial evidence* which required the submission of the case to the jury.

Judge Hunter, in the opinion in the *Burke* case, spoke as follows:

"Hence, our duty is to *review* the evidence most favorable to the appellant to determine whether there was *substantial* evidence of probative value or *reasonable inferences* to be drawn therefrom to sustain the appellant's cause of action. In doing so we must draw against the party requesting a peremptory instruction, all inferences

which the jury might reasonably draw." (Emphasis supplied.)

See also *Haney v. Meyer* (1966), 139 Ind. App. 663, 215 N.E. 2d 886; *The Pennsylvania Railroad Co. v. Rizzo, Admx.* (1949), 119 Ind. App. 505, 86 N. E. 2d 91; *Sparks b/n/f Ruth Sparks v. Baldwin et al.* (1965), 137 Ind. App. 64, 205 N. E. 2d 173.

From a review of the evidence most favorable to the appellee it appears that the evidence submitted by the appellee is replete with inconsistencies and conjectures. We have examined the evidence most favorable to appellee to determine whether or not there is any substantial evidence at all sustaining the verdict of the jury, or any evidence from which a reasonable inference may be drawn which could sustain the verdict of the jury.

Appellant concedes that in the case at bar if there is any substantial evidence to support the verdict of the jury, either direct evidence or any evidence from which a reasonable inference could be drawn, not conjecture, the verdict of the jury should not be disturbed for lack of sufficient evidence. However, until the appellee undertakes to demonstrate what evidence she contends is substantial evidence to support the verdict of the jury, the only answer the appellant can make is that there is no such evidence nor is there any evidence from which a reasonable inference can be drawn.

The appellant further asserts that all she can do in answer to appellee's contention is to set forth all the evidence which establishes the fact that the appellant did not lose control of her motor vehicle which caused her to cross the center line of the highway and collide with the truck operated by the appellee's decedent, and further shows that appellee's decedent crossed the center line of the highway into the path of the appellant. How-

ever, the appellant admits that, regardless of how over-whelming the evidence may be, if there is any substantial evidence of probative value to the contrary, the verdict of the jury is required to be upheld. In other words, the appellant recognizes the general principle of law that has been announced many times by our courts of appeal, that said courts cannot weigh the evidence; however, all the appellant is requesting this court to do in the case at bar is to review the evidence to determine if there is any substantial evidence or any evidence from which a reasonable inference may be drawn to uphold the verdict of the jury.

The record evidence discloses that the appellant and the appellee's decedent were traveling in opposite directions on State Highway No. 55, located in Lake County, Indiana; that one Bruce McNeill was following the motor vehicle operated by appellee's decedent, said vehicle hereinafter being referred to as a "truck", proceeding in a northerly direction on State Road No. 55; that McNeill passed the truck on a hillside; that while in the act of passing the truck McNeill was confronted with two yellow lines which were in the center of the highway and which led to the top of the hillside; that he was required to cross the two yellow lines into the southbound traffic lane in order to pass the truck; that said yellow lines were placed on the highway by the State Highway Commission; that on the berm of the highway, on the east side thereof, the State Highway Commission had placed a directory sign on which were inscribed the words "No passing"; that in attempting to pass the truck McNeill was required to accelerate his motor vehicle to a speed of approximately 65 miles per hour; that when he had completed passing the truck, the motor vehicle operated by the appellant was approaching the crest of the hillside; that when the appellant's motor vehicle came over the top of the hill it appeared to dip, either from the application of the brakes or from the momentum of coming over the hill—that it seemed to slide slightly to the rear and to the west; that no

witness for appellee actually saw the collision between the truck and the motor vehicle operated by the appellant.

It is the contention of the appellant that the appellee has failed to set forth a single piece of evidence which could support the verdict of the jury. The appellee alleged in her complaint that the appellant lost control of her motor vehicle due to the action of one Bruce McNeill in passing the truck operated by appellee's decedent in a no passing zone and crossed the center line over two yellow lines of the highway and thereby collided with the truck. In the complaint the appellee also alleged that the death of plaintiff's decedent was proximately caused by the negligence of the appellant, Marylynn L. Kleinschmidt, and alleged the following act of negligence: "that said defendant failed to have her motor vehicle under control while approaching the hillcrest described above and as a result lost control and crossed the center line of said two lane highway into the east and north bound lane of traffic and into the path of the motor vehicle of Plaintiff's decedent".

It is further the contention of the appellant that in view of the fact that the cause of action was dismissed as to the co-defendant, Bruce McNeill, it was incumbent upon the appellee to prove the fact that the appellant lost control of her motor vehicle and crossed over the center line of the highway and into the northbound lane of traffic, thereby colliding with the truck operated by appellee's decedent.

In order to prove this act of negligence the appellee attempted to establish the fact that the appellant was approaching the crest of the hill, before the collision, at an excessive rate of speed. In attempting to prove this charge of speeding, the appellee cites Burns' Indiana Statutes § 47-2004, which provides in substance that a driver of every vehicle shall drive at an appropriate reduced speed when approaching a hillcrest. The appellee contends that the appellant did not drive at an appropriate reduced speed as evidenced by the

testimony of Witness Roger Michaels, who stated that he was driving 60 to 65 miles per hour immediately prior to the time he ascended the hillside and that the appellant had lessened the distance between them, over a distance which he could not estimate. However, this witness admitted on cross-examination that he testified at the coroner's inquest that he had been driving 50 to 55 miles per hour and that his memory of speed was better at that time of the coroner's inquest than it was when he said he was traveling 60 to 65 miles per hour.

The appellant answers this contention by stating that there is no direct evidence, other than that of the appellant, as to the speed the appellant was traveling as she actually ascended the crest of the hill; and that she said she was traveling approximately 50 miles per hour.

It is our opinion that the fact, if it be a fact, that the appellant had lessened the distance between her motor vehicle and the one operated by the Witness Michaels does not in and of itself establish evidence of the speed she was traveling as she was ascending the hill. There is no direct charge of speed alleged in the complaint. However, in the case of *Martz v. Stillwell* (1968), 142 Ind. App. 733, 236 N.E. 2d 185, our court approved the language used in the case of *Dimmick v. Follis* (1953), 123 Ind. App. 701, 111 N. E. 2d 486, which stated in substance as follows:

> "..... it seems to us that when one is charged generally with carelessly and negligently failing to keep his car under control and thus causing a collision, he is ■ charged with about any type of negligence because of which he failed to control his car in such a manner as to avoid the collision. In other words, such an allegation is, in effect, a general charge of negligence and it necessarily follows that one cannot drive recklessly without being negligent."

We agree with the reasoning and result of the *Martz* case; however, it is our opinion that in the case under consideration there is no direct evidence of speeding on the part of appellant or any inference that might be drawn from the fact that

the appellant might have been speeding at the time she ascended the hill. There was other evidence of speeding introduced to the effect that the collision occurred at approximately 3:55 P.M., and that the appellant was taking her daughter to the town of Lowell to keep a four o'clock doctor's appointment; that the place of the collision was approximately seven miles from Lowell and, therefore, she would of necessity have been required to drive at an excessive rate of speed in order to meet this appointment. This appears to us to be clearly speculative and conjectural and does not constitute any direct evidence of speeding or any evidence from which an inference of speeding could be drawn.

As to the question of whether or not the appellant actually crossed the center line of the highway and into the path of the truck operated by appellee's decedent, there is evidence of skid marks on the pavement, as revealed by appellee's exhibit. Such evidence discloses that the skid marks first appeared at the top of the hill and extended for 30 feet; that there was a break in said skid marks for approximately 50 feet; and that they started again and extended in a southerly direction for a distance of 60 feet leading up to the center line of the two-way highway where appellant's motor vehicle came to rest, halfway across the center line and facing in a westerly direction. The evidence as disclosed by Appellee's Exhibit No. 2 discloses that after the accident, the front end of the motor vehicle operated by appellant was on its own side of the road and that the skid marks as shown on Exhibit 2 show that the same were made by the rear wheels of appellant's motor vehicle and started from the berm on the west side of the road; and that the skid marks stopped at the wheels of the motor vehicle operated by the appellant.

It is our opinion that there is no direct evidence which shows that the motor vehicle operated by the appellant ever crossed the center line of the highway; nor is there any substantial evidence from which the jury could have inferred that the collision occurred in the east lane of traffic.

Appellee's Exhibits 3 and 4 show no damage to the left side of the appellant's motor vehicle back of the engine; and that if the collision occurred as alleged by the appellee, the whole left side of the appellant's motor vehicle would have been damaged.

In summary, it is our opinion that the undisputed evidence discloses that Bruce McNeill was passing the truck operated by the appellee's decedent in a no passing zone at a time the appellant was coming over the crest of the hill; that in order to avoid colliding with the motor vehicle operated by the appellant as she came over the crest of the hill, McNeill cut sharply in front of the truck operated by the appellee's decedent and caused him to lose control of his truck.

It is further our opinion that the appellant did not lose control of her motor vehicle for the reason that the undisputed evidence discloses she drove her motor vehicle on to the west berm of the highway—if both McNeill and the appellee's decedent were in their own lanes of traffic, the appellant would have had no reason to pull on to the west berm of the highway. The facts in this case do not justify the verdict returned by the jury and we are of the opinion that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The fifth ground of error as set forth in the motion for a new trial is that the trial court erred in admitting into evidence Plaintiff's Exhibit No. 8 over the objection of the defendant. Exhibit No. 8 portends to be a covenant not to sue executed by the appellee to the co-defendant Bruce McNeill. We do not deem it necessary to discuss the fifth ground of error in the light of our opinion set out above in which we disposed of alleged errors Nos. 1, 2, 3 and 4 as set out in the motion for a new trial.

Judgment reversed.

Cook, P.J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 473.