## COOPER *v.* TEETERS AND HAMM.

[No. 468A73. Filed December 15, 1969. Rehearing denied January 22, 1970. Transfer denied May 4, 1970.]

*David A. Steckbeck, William C. Moore, Steckbeck, Murphy & Moore,* of Indianapolis, for appellant.

*John T. Hume, III, Smith & Jones,* of Indianapolis, *Ryan, Lind & Deckard,* of Danville, for appellee, Hamm, *John A. Kendall, Kendall, Stevenson & Lewis,* of Danville, for appellee, Teeters.

COOPER, J.—This is an appeal from the Hendricks Circuit Court wherein the plaintiff-appellant filed a complaint against the defendants-appellees seeking damages for alleged personal injuries she sustained in an automoible collision with the appellee-defendant Teeters. At the conclusion of all of the evidence, the court directed a verdict for the appellees and rendered judgment against the appellant, and also denied the appellant's motion to amend her amended complaint to conform to the facts proved.

Thereafter, the appellant timely filed her motion for a new trial together with a memorandum in support thereof, which was overruled by the court. Appellant assigns as error on appeal the court's overruling of her motion for a new trial.

Appellant's motion for a new trial alleged three specifications of error which read as follows:

"1. The decision of the Court directing the Jury to return a verdict for the defendants at the conclusion of all of the evidence, the defendants having presented no evidence, which decision was wholly contradictory to and inconsistent with the previous decision of the Court at the conclusion of the plaintiff's evidence wherein the Court overruled the defendants' motions for directed verdicts after consideration of all of the evidence presently contained in the record, is erroneous and contrary to law.

"2. The Court erred in sustaining the defendants' motions, made at the close of all the evidence, the defendants having presented no evidence, to instruct the jury to return a verdict for the defendants. Said instruction reads as follows:

'The defendants Robert Lee Teeters and Frederick Eugene Hamm, have each filed a motion for a directed

verdict. The Court has sustained the motion of each of said defendants for a directed verdict and thus assumes the responsibility of directing the form of the verdict which you shall return in this cause.

The Court, therefore, instructs and directs you that you shall return the following verdict:

"We the Jury find for the defendants."

A form of this verdict is now furnished to you. You will retire to your jury room and select one of your members as Foreman whose duty it will be to sign the verdict, and you shall thereupon return the same into open court.'

"3. Error of law occurring at the trial, as follows: The Court erred in overruling the plaintiff's oral motion on the record 'To Amend Complaint to Conform to Facts Proved' made by plaintiff after the Court stated its intention to sustain the defendants' motions to direct a verdict for the defendants at the close of all the evidence, but prior to instructing the Jury to return a verdict for the defendants, . . ." (The text of the motion to amend was then set out in full)

By reason of the result we have reached, we will consider only the first specification of error.

The appellant's first specification of error in her motion for a new trial alleged that the decision of the trial court in directing the jury to return a verdict for the defendants was contrary to law. In considering this allegation of error, it must be decided whether the evidence presented at the trial supported, without conflict, only one inference, which inference was in favor of the defendants. *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d, 734.

Furthermore, if any substantial evidence or reasonable inferences can be found which support the plaintiff's material allegations necessary to her recovery, then it was contrary to law to prevent that evidence from going to the jury by a directed verdict. *Miller* v. *Smith* (1955), 125 Ind. App. 293, 124 N. E. 2d 874; *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 186 N. E. 2d 432.

The rule has been repeatedly stated by this Court that a verdict should be directed only where there is a total lack of substantial evidence of probative value. *Sparks* v. *Baldwin* (1965), 137 Ind. App. 64, 205 N. E. 2d 173.

In reviewing the record, this Court cannot weigh the evidence, but must consider that evidence most favorable to the party against whom the motion for directed verdict was granted. We are bound by the rule as stated in *Gibson* v. *Froman* (1965), 138 Ind. App. 497, 212 N. E. 2d 25, at page 498:

> "We recognize the duty of this court to so determine, by reviewing the evidence most favorable to appellee and by admitting the truth of all the evidence given in favor of the party against whom the motion was contemplated and by drawing all reasonable inferences flowing therefrom as well as drawing against the party requesting the peremptory instruction all the inferences which a jury might have reasonably drawn . . ."

The logical necessity for this rule is that every precaution must be taken to guarantee a litigant's right to have the evidence submitted to the jury.

In viewing the evidence most favorable to the appellant, the record indicates that on the evening of April 15, 1963, at approximately 10:15 p.m., in Morgan County, Indiana, the appellant was operating her automobile in an easterly direction along State Road #142 approaching the uncontrolled intersection of Wilbur Road (also referred to as Baltimore Road or Monrovia Road) from the west. Appellee Hamm was operating his vehicle in a westerly direction along State Road #142 approaching the same intersection from the east. Following the appellee Hamm at a distance not established by the evidence, was a third vehicle driven by the appellee Teeters. Appellant Cooper was travelling, as estimated by a witness, at a speed of twenty to twenty five miles per hour preparing to make a left turn onto Wilbur Road. The same witness testified that she would estimate appellee Hamm's speed to have been

between sixty and sixty-five miles per hour and that of appellee Teeter's to have been fifty to fifty-five miles per hour. The posted lawful speed limit approaching this intersection from the east, as were the appellees, was twenty-five miles per hour. Another witness estimated appellee Hamm's speed to have been approximately thirty-five to fifty miles per hour. Accordingly, it may be reasonably assumed that appellee Hamm was travelling at a rate of speed *at least* ten miles per hour in excess of the posted limit.

The evidence reveals that appellee Hamm upon approaching the interection made a fast, unsignaled turn to his left onto Wilbur Road. The nature of appellee's turn was related by a witness for the plaintiff in the following testimony:

"Q. And in what manner did he turn left, sir, if you recall?

"A. Why, he turned rather fast, where his tires made a screeching noise."

(Tr. p. 197, 11. 2-3.)

The appellant alleges in her complaint that it was this fast left turn in front of her made by the appellee Hamm, which caused her to swerve to her left, and thereby into the path of the appellee Teeters' oncoming vehicle. Undisputed testimony indicates that the actual collision took place at a point slightly west of the intersection and in the north, westbound, lane of the highway. In other words, appellant Cooper's vehicle was across the center line and in the improper lane of traffiic at the moment of impact. Testimony was heard which implied that both a time and spatial lag existed between the moment and place Appellee Hamm made his left turn and the actual collision between appellant and the appellee Teeters. Witnesses for the plaintiff, however, also testified that the events of this accident occurred within a matter of a few seconds.

From our examination of the record, we cannot say, as a matter of law, that the evidence presented herein meets the

following requirement for a directed verdict against the plaintiff as set forth by our Supreme Court in the case of *Whitaker, Admr.* v. *Borntrager, supra,* at page 680:

> "Where there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in the favor of the defendant."

The record in this case contains evidence from which legitimate inferences could be drawn in favor of both parties. There is, to the appellant's favor, evidence from which legitimate inferences could be drawn supporting her contention that the negligence of the appellees was the proximate cause of the injuries which she sustained. Similarly, there was evidence from which inferences could be drawn to support a contrary conclusion in favor of the appellees. What is of essential concern here, is that a substantial conflict in the evidence and the inferences to be drawn therefrom does exist. This being the case, the evidence presented at the trial should have properly been submitted to the jury.

In the case of *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 186 N. E. 2d 432, Judge Hunter, speaking for this Court stated, at page 504:

> "While the courts in this state have a duty and responsibility to protect citizens from actions destitute of a foundation in law, we must concern ourselves with a constitutional provision of Indiana as set forth in Article 1, Section 30 thereof, to-wit:
>
> 'In all civil cases, the right of trial by jury shall remain inviolate.'
>
> which places 'a heavy restraining hand upon the courts to deny the submission of a cause brought in good faith and based upon a situation involving far reaching and serious consequences to the plaintiff.' *Garr* v. *Blissmer* (1961), 132 Ind. App. 635, 177 N. E. 2d 913.
>
> "We have from the case of *Estes* v. *Anderson Oil Co.* (1931), 93 Ind. App. 365, 176 N. E. 560, this significant

sentence relative to the advisability of a directed verdict as follows:

'The law very zealously protects one against whom a motion for a directed verdict is addressed . . .'

"This court has held in many cases that a peremptory instruction for a defendant will be upheld only if one or more of the material allegations of the complaint essential to recovery are not supported by evidence of probative value or by any reasonable inference that may be drawn therefrom. *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734; *Huttinger* v. *G. C. Murphy Company* (1961), 131 Ind. App. 642, 172 N. E. 2d 74; *Morrow, Inc.* v. *Munson et al.* (1958), 129 Ind. App. 113, 150 N. E. 2d 256, and cases cited at page 120."

As was further stated in the *Whitaker* case, *supra*, at page 684:

"When all the known physical conditions and circumstances surrounding an accident are proved and there are legitimate inferences that naturally flow therefrom that by a fair preponderance might convince reasonable persons that the collision was caused by defendant's negligence as alleged, while other equally reasonable persons might not be so convinced thereby a situation exists for solution by the jury only under proper instructions from the court. Under such conditions it is error to give a premptory instruction to find for the defendant."

Since the trial court in the present cause directed a verdict for the defendants, it is apparent that in arriving at that decision, the court weighed the evidence. This is not within the proper scope of the court's authority in a case being tried by a jury.

In the case of *Layman* v. *Hall Omar Baking Co.* (1966), 138 Ind. App. 673, 213 N. E. 2d 726, this court, when confronted with a similar situation stated at page 677:

"A careful consideration of the testimony we have outlined leads to the belief that the trial court may have attempted to weigh the evidence in arriving at the decision to direct a verdict. This it may not do. The decision must be submitted to the jury if there is any substantial evidence

of probative value no matter what its weight or character, nor how it may apparently be overborne by more convincing evidence conflicting therewith."

We hold, therefore, that the trial court committed reversible error in directing a verdict for the defendant and the decision therefore is contrary to law.

Having found justifiable cause for reversal in the appellant's first specification of error, it is unnecessary for this Court to further consider appellant's other specifications of error.

The Motions to Dismiss or Affirm heretofore filed by the appellees and previously ordered held in abeyance until the case was submitted on its merits, are now overruled and denied.

Judgment reversed. The trial court is ordered to sustain the motion for a new trial. Costs vs. Appellees.

Lowdermilk, P.J., Carson and Sullivan, JJ., concur.

NOTE.—Reported in 253 N. E. 2d 277.